## COWLES & LEDYARD *vs.* ANDREWS ET AL.

[PETITION FOR APPLICATION OF MONEY IN COURT.]

1. *Practice on petition for application of fund in court.*—Where several creditors obtained decrees in chancery, subjecting to the payment of their debts a married woman's separate estate in certain slaves, which were claimed by a third person, who was not a party to the chancery suits, under a prior mortgage; and the creditors thereupon entered into an agreement in writing with the mortgagee, which, after reciting their conflicting claims, and that their interests would be promoted by a sale of the slaves free from incumbrance, stipulated, that the slaves should be sold by the master in chancery, that the proceeds should be held by him subject to the order of the chancellor, that the mortgagee should propound his interest to the court by petition, and that the chancellor should order the proceeds to be paid to the party entitled to receive them,—*held,* that it was irregular to render a decree in favor of the mortgagee, on his petition, without making the creditors parties, and allowing them an opportunity to contest his right to the fund in court; and the chancellor's decree was therefore reversed, at the instance of the creditors, although he overruled their application asking to be made parties, on the ground that they were already parties.

APPEAL from the Chancery Court at Montgomery. Heard before the Hon. N. W. COCKE.

THE appellants in this case filed their bill, on the 9th April, 1858, against W. C. Moore and wife, seeking to subject to the payment of a promissory note, executed to them by said Moore and wife, Mrs. Moore's separate estate in certain slaves, whose names, ages, &c., were specified in the bill. The defendants consented of record, on the day the bill was filed, that a decree might be entered up against them, for the amount due on the note; and a decree was accordingly rendered, on that day, ordering Mrs. Moore's interest in the slaves to be subjected to the payment of the complainants' demand, and directing a sale of the slaves by the register and master for that purpose. On the day appointed for the sale of the slaves by the master, the appellants and others entered into an agreement in

writing with one W. G. Andrews, of which the following is a copy :

"The State of Alabama, } Whereas, Cowles & Ledyard, W. C. Bibb, and Lewis
Montgomery County. }
Owen, each obtained a decree in the chancery court at Montgomery, against the separate estate of Mrs. Martha Moore, and, by virtue of said decree, the slaves Rose (a girl) and Easter (a girl) *being* advertised for sale this day in satisfaction of said decree : and whereas W. G. Andrews claims said negroes, by virtue of several mortgages prior to said decree, which said mortgages are of record in the probate office of Montgomery county ; and whereas it *being* the opinion of all interested, that, in the event of a sale, the said negroes will bring more, when sold free from any incumbrance : Now, in consideration of the above, it is agreed between the attorneys of the above-named complainants in the decree in chancery and W. G. Andrews, that said negroes shall be advertised by the register, who shall hold the proceeds subject to the order of the chancellor ; and that said Andrews shall file his petition, setting forth the grounds upon which he claims the said proceeds; and that the chancellor, upon the hearing of said petition, shall direct the register to pay said proceeds to the party entitled thereto. The creditors under the decree of the chancery court do not hereby admit the rights of Andrews, nor does he waive any rights he may have by agreeing to this. The only object of this agreement is, to have the property sold for its full value, enabling the purchaser to get a title unaffected by the conflicting claims of the parties hereto signed ; and the proceeds of the sale are simply substituted in the place of the negroes."

(Signed by the attorneys of Cowles & Ledyard, Owen, and Andrews.)

Andrews accordingly filed his petition in court, asserting his right to the proceeds of sale under several mortgages, copies of which, with the above agreement, were made exhibits to the petition. The petition was sworn to, before a justice of the peace, on the 6th *June*, 1859 ; but, as copied in the transcript, it is endorsed by the register, " Filed in office, *March* 18, 1859 ; " beneath which endorsement is

copied a memorandum by the register, in these words :
" Amended petition filed in office, by leave of court, *June*
9, 1859 :" but no amended petition is set out in the record.

The next entries in the transcript are as follows :

" W. G. Andrews, } March 18, 1859. In this matter it
    *Ex parte.*      } is ordered, that the petition of W.
G. Andrews be referred to the register, as master, to ascer-
tain whether the mortgages be *bona-fide* securities, and, if
so, what amount is due upon them. It is further ordered,
that it be referred to the master to ascertain the amounts
to which the several parties are entitled, who claim the
fund arising from the sale of the interest of Mrs. Moore in
the slaves, under the several decrees in this court of David
and Lewis Owen *v.* Moore and Wife, Cowles & Ledyard *v.*
Moore and Wife, and W. C. Bibb *v.* Moore and Wife. It
is further ordered, that the register report the evidence
upon which he shall base his report, and that he report to
this term."

" W. G. Andrews, } March Term, 1859. In this matter,
    *Ex parte.*      } the report of the register on the
petition is read in open court, and, on the application of
the petitioner's solicitor, it is ordered, that leave be granted
to the petitioner to file his amended petition, now offered.
It is further ordered, that the report be set aside, and that
the amended petition be referred as under former order."

In the case of Cowles & Ledyard *v.* Moore and Wife, the
master reported, that he had sold the slaves under the sev-
eral decrees in chancery, on the 20th December, 1858.
This report appears to have been made to the March term,
1859 ; and the minute-entry of that term recites, that the
report was read, and ordered to lie over. At the February
term, 1861, the master's report was confirmed, without
exceptions by either party ; and at the same term, as the
minute-entries show, the following orders were made in
the case :

" Cowles & Ledyard } In this cause, the complainants,
      *vs.*            } by their solicitors, move that
   Moore and Wife.   } the proceeds of the sale be paid
over to them on their decree, so far as is necessary to satisfy

the same ; which motion is refused, on the ground that the said proceeds are subject to the superior lien of W. G. Andrews, as is shown by the proceedings and decree in the matter of W. G. Andrews, *Ex parte,* at this term."

" Cowles & Ledyard ⎫ The proceeds of sale in this
      *vs.* ⎬ cause, and two others having the
  Moore and Wife. ⎭ same defendants, at this term, in the cause of W. G. Andrews, *Ex parte* [?] to said Andrews, he having the superior lien. It is ordered, that the complainants pay the costs of suit, except such as arose under the decretal order of sale ; for which execution may issue."

In the case of W. G. Andrews, *Ex parte,* the master reported at the October term, 1860, that the several mortgages, under which Andrews claimed the proceeds of the sale of the slaves, were executed at their respective dates, and were *bona-fide* securities for the debts therein specified, and that the amount due on them exceeded the funds in court; also, that Cowles & Ledyard had made application before him for leave to file an answer to the petition of Andrews, and had excepted to his refusal of their application, and appealed from his decision to the chancellor. At the February term, 1861, as the minute entry recites, " Cowles & Ledyard appeared by their solicitors, and moved that they be made parties defendant to this petition; which motion the court declined to grant, on the ground that Cowles & Ledyard were already parties thereto." At the same term, the chancellor rendered a final decree in the case, overruling the appeal of Cowles & Ledyard from the decision of the register, confirming the master's report, and ordering the funds in court to be paid to Andrews, after paying the costs incurred on his petition.

The appeal was sued out by Cowles & Ledyard, as the register certifies in his final certificate, from the final decrees rendered in the two causes. The errors assigned are—" 1st, that the chancellor overruled the exceptions to the report of the register ; 2d, that the chancellor erred in the several decrees made in this case."

WATTS, JUDGE, JACKSON & TROY, for appellants.

GOLDTHWAITE, RICE & SEMPLE, *contra,* cited the following

cases : *Hays v. Miles,* 9 Gill & J. 193 ; *Maccubbin v. Cromwell,* 2 Har. & G. 443 ; *Duvall v. Farmers' Bank,* 4 Gill & J. 282, 293.

A. J. WALKER, C. J.—Cowles & Ledyard, W. C. Bibb, and Lewis Owen, severally obtained decrees, subjecting slaves, in which Mrs. Moore had a separate estate, to the payment of their respective debts, owing to them by Moore and wife. On the day appointed for the sale of the slaves under those three several decrees, an agreement in writing was executed by the complainants in the decrees and Andrews. In that agreement it was recited, that the slaves were all advertised for sale on that day ; that Andrews claimed them, by virtue of mortgages prior in date to the decrees, and that the slaves would bring more, if sold free from incumbrance ; and it was thereupon agreed, that the slaves should be sold, that the register should hold the proceeds of the sale subject to the order of the chancellor, that "Andrews should file his petition, setting forth the grounds upon which he claimed said proceeds," and that the chancellor should direct the register to pay said proceeds to the party entitled thereto. Andrews filed an informal petition, setting forth the grounds of his claim, and exhibiting the agreement. The petition neither prayed that any persons should be made parties thereto, nor prayed process against any person. It seems to have been filed on the 18th March, 1859. On the next day, the chancellor referred various matters to the register. At the February term, 1861, Cowles & Ledyard appeared, and asked that they might be made parties ; and their motion was rejected, on the ground that they were already parties. The court proceeded to render a decree in favor of Andrews, for the fund arising from the sale of the negroes.

Neither Cowles & Ledyard, nor Bibb, nor Owen, were made parties by the petition, which was a matter distinct from the original causes ; no process was served upon them, and they were not in any way brought into court, or afforded an opportunity to answer and contest the petition. The agreement stipulates, that Andrews shall file a petition, and that the chancellor shall direct the disposition of the

fund. We do not perceive that any inference of a waiver of the right to be made parties, and to contest the petition, could be drawn from that stipulation. If it could be, however, it is precluded by the subsequent parts of the agreement, which provide that the rights of Andrews are not admitted, and that the only object of the agreement was to absolve the title to the negroes about to be sold from conflicting claims, and to substitute the proceeds of sale for the property. The agreement left the fund produced to stand a subject of contestation, precisely as the property would have stood. Upon principles universally recognized, it would be irregular for the chancellor to make a decree, adjudging adversely to the rights of Cowles & Ledyard, Bibb, and Owen, without having them before him as parties, and affording them an opportunity, according to the established forms of chancery proceeding, to contest the adverse claims of Andrews. This is not the case of an ordinary petition, for some order or direction in a pending cause, touching the rights of the parties thereto.—3 Dan. Ch. Pl. &. Pr. 1801. It presents new and independent matters, not pertaining to the original cause, and involves the interest of persons not parties to the original cause. It raises new questions, and presents new claims, unknown to the original cause ; and its allegations should be regularly presented in the form of a bill.—*Hays v. Miles*, 9 Gill & Johnson, 193. While the agreement may dispense with the necessity of a formal bill, it does not dispense with the making of parties, and the accustomed proceedings according to the rules of chancery practice.

Reversed and remanded.