# Carlin v. Jones *et al.*

*Bill in Equity for Redemption, by Purchaser from Mortgagor.*

1. *When equity of bill will not be considered on error.*—On appeal by the complainant in a chancery cause, from a final decree in his favor, this court will not, at the instance of the appellee, with a view to applying the doctrine of error without injury, consider the question whether the bill contains equity.

2. *Tender.*—In the averment of a tender, or excuse for not making a tender in person, the court holds the bill in this case sufficient, under the rule declared in *Spoor v. Phillips*, 27 Ala. 193; and declares *Daughdrill v. Sweeny*, 41 Ala. 310, which held that the tender must be accompanied with the payment of the money into court, overruled by *McGuire v. Van Pelt*, at present term.

3. *Who may redeem under statute.*—As to the statutory right to redeem lands sold under a power in a mortgage (Rev. Code, §§ 2509–21), by a purchaser from the mortgagor after the sale, the court declined to consider the question, but cited several cases from the Tennessee and Massachusetts Reports, saying "These decisions place a liberal construction on statutes which allow redemption of lands sold under execution, mortgages," &c.

4. *Parties to suit for redemption; who may intervene.*—A subsequent incumbrancer, or sub-purchaser from the mortgagee, whose rights accrue pending a suit for redemption by a purchaser from the mortgagor, may intervene by petition, and be made a party to the suit, in order that he may assert his rights by a cross bill.

5. *Rents and profits; taxes; interest on money tendered.*—If the mortgagor, or his assignee, makes a proper tender, and it is refused, he will be entitled to recover rents from the time of the tender and refusal, although he does not pay the money into court on the filing of his bill; and the defendants will be allowed a credit for all taxes paid, with interest thereon, while the complainant will be charged with interest on the money tendered.

APPEAL from the Chancery Court of Marengo.

Heard before the Hon. A. W. DILLARD.

The bill in this case was filed on the 28th February, 1870, by Lewis C. Carlin, against Maria S. Jones and her husband, William B. Jones; and sought a redemption of a certain tract of land, of which the defendants were in possession, with an account of the rents and profits. The lands had belonged to H. F. Nettleton, who, on the 17th February, 1866, conveyed them by mortgage, containing a power of sale, to John D. Fowler, to secure a debt for $6,666.66, evidenced by two promissory notes, falling due on the 1st January, 1867, and 1868, respectively. Fowler afterwards transferred the notes and mortgage to W. Brownrigg, who subsequently transferred and assigned them to W. E. Clarke; and on the 9th June, 1869, said Clarke sold the lands, under the power of sale contained in the mortgage, to Richard H. Clark and James T. Jones, who, on the 8th October, 1869, sold and con-

veyed them to the defendant Maria S. Jones. On the 19th February, 1866, two days after the execution of the mort-gage, said H. F. Nettleton sold and conveyed the lands to A. B. Nettleton, who, on the 24th May, 1869, sold and conveyed them to L. B. Johnson; and on the 14th January, 1870, after the sale under the power in the mortgage, said Johnson sold and conveyed them to the complainant. The bill alleged that, at the time of the sale under the mortgage, "said H. F. Nettleton, or his vendee, did not have the actual posses-sion of said lands, but, immediately after said sale, the pur-chasers thereof peaceably obtained the possession of said lands;" that Mrs. Jones took possession immediately after her purchase, and was in possession when the bill was filed; and that she made the purchase with moneys belonging to her statutory separate estate, and held and claimed the lands as a part of that estate.

As to a tender and refusal, the bill contained the following allegations: "On the 8th February, 1870, in the State afore-said, your orator tendered to the said Maria S. Jones, by making the tender to W. B. Jones, her husband, trustee, and agent, the purchase-money bid for said lands at the sale thereof under the mortgage, with ten per cent. *per annum* thereon, and all other lawful charges; which was refused by the said Maria S. Jones, through the said W. B. Jones, her husband, trustee, and agent; and thereupon your orator ten-dered to him, the said W. B. Jones, as the agent and trustee of his said wife, the sum of five thousand dollars in money, for the purpose of redeeming said lands, as by the statute in such case made and provided; and thereupon the said Maria S. Jones, through her said husband, agent, and trustee, re-fused to accept the said money, or any part thereof, and re-fused to permit your orator to redeem the said lands, with-out assigning any reason or excuse therefor whatever. And your orator further showeth that, as he is informed and be-lieves, the said Maria S. Jones and W. B. Jones, her hus-band, agent, and trustee, have severally and repeatedly de-clared that your orator shall never redeem the said lands upon the terms prescribed by the statute, or upon any other terms; and have severally and repeatedly declared that your orator is not entitled to redeem the said lands, and that they will not accept from him any sum of money prescribed by the statute in such cases. And your orator further shows, that the said Maria S. Jones, and W. B. Jones, her husband, agent, and trustee, are unwilling for him to redeem, and are determined that he shall not redeem the said lands, upon the tender or payment of any sum of money prescribed by the statute in such cases. And your orator further shows,

(41)

[Carlin v. Jones et al.]

that the aforesaid tender to the said W. B. Jones, as the agent, husband, and trustee of his said wife, was not made to the said Maria S. Jones in her own proper person, for the reason, as the said W. B. Jones then informed your orator, that she was sick, and unable to attend to such business, and that he was her agent, and authorized to act as such for her in the matter aforesaid; and your orator avers that the said W. B. Jones was in fact then the agent of his said wife, with full power and authority to act in her behalf in the matter aforesaid; and that she was, immediately afterwards, informed of the tender of the said sum of money by your orator to the said W. B. Jones as her agent, and of the refusal to accept the same by the said W. B. Jones, and thereupon she ratified and approved of his conduct. And your orator further shows that, as he is advised and believes, he has the right, and is lawfully entitled to redeem the said lands, upon the payment to the said Maria S. Jones of the amount of the purchase-money paid for said lands by said R. H. Clark and James T. Jones, with ten per cent. *per annum* thereon, and all other lawful charges, and such other costs as may be necessary to convey to him such title as the said Maria S. Jones acquired by her said purchase; and for the purpose of redeeming the said lands, your orator hereby offers to pay to the said Maria S. Jones the purchase-money paid for said lands by said R. H. Clark and J. T. Jones, together with ten per cent. *per annum* thereon, and all other lawful costs and charges."

The defendants demurred to the bill, for want of equity, assigning as grounds of demurrer—1st, that the several conveyances under which the complainant claims title do not confer on him the right to redeem under the statute; 2d, that the conveyance from Johnson to the complainant is void, because the defendants were in adverse possession of the lands, under color of title, when said deed was executed; 3d, that the complainant acquired no right to redeem by his purchase after the sale under the mortgage; and, 4th, that the redemption money was not paid into court on the filing of the bill. The chancellor overruled the demurrer, and the defendants then filed separate answers. Each of them averred, that the deed from H. F. Nettleton to A. B. Nettleton was without consideration, and was made with the intent to defraud, hinder, and delay the creditors of the said grantor, and was therefore null and void. Each averred, that Mrs. Jones was created a free dealer, and authorized to act and contract as a *feme sole*, by an act of the legislature approved August 12, 1868; and that her husband was not authorized to act as her agent or trustee in the matter of the redemp-

tion of the land; and that no valid tender was ever made to either of them.   W. B. Jones alleged that, at the time of the alleged tender, which was made in the city of Montgomery, by the complainant's attorney, accompanied by the complainant himself, he told them that his wife was sick, and unable to attend to business at that time; that they replied, that a formal tender would be afterwards made to her; that he informed his wife of this, on his return home, and she replied, that she would consult her attorney in regard to the matter, and be prepared to give an answer whenever a tender was made; and that no tender was afterwards made.   The answer of Mrs. Jones, in reference to this matter, was substantially the same as the answer of her husband; and she declared her willingness to allow a redemption by the complainant, if the court should hold that he was entitled to redeem.

On the 16th October, 1873, while the cause was pending, Cornish & Sharpe, merchants and partners in trade, filed a petition, alleging that they held a mortgage on the lands, executed by the defendants on the 18th January, 1871; and praying that they might be made parties to the suit, and that the original parties might be enjoined from settling the matters in controversy between them by compromise, before the petitioners could be heard to assert their interest in the premises.   The chancellor granted the petition on the same day, and ordered a temporary injunction as prayed.   Afterwards, on the 27th October, 1873, said Cornish & Sharpe filed an answer and cross bill, setting up their mortgage from the original defendants, and praying that the redemption money, when paid into court, might be applied to the satisfaction of their debt; and they alleged that they were in the possession of the lands under their mortgage.   An answer to this cross bill was filed by Mrs. M. S. Jones and her husband jointly, denying each and all of its allegations; and an answer was also filed by the complainants in the original bill, denying their right to intervene as parties, and asserting that their mortgage was invalid, because not executed in the presence of two attesting witnesses.

On final hearing, on pleadings and proof, the chancellor held—1st, that the mortgagor might lawfully convey his equity of redemption; 2d, that the right of redemption was vested in the complainant, under the several conveyances above described; 3d, that the tender to W. B. Jones, as averred and proved, was sufficient; 4th, that the complainant was not entitled to rents accruing after his tender, because he had not paid the money into court; and, 5th, that Cornish & Sharpe were proper parties to the suit, and were entitled to

[Carlin v. Jones et al.]

have their mortgage debt satisfied out of the redemption money, after the payment of costs and expenses; and he decreed accordingly.

From this decree the complainant appeals, and here assigns as error: 1st, the order allowing Cornish & Sharpe to be made parties; 2d, the refusal to dismiss their answer and cross bill, on motion of the complainant; 3d, holding that their mortgage was valid, and that they were entitled to the redemption money; 4th, decreeing that the complainant was not entitled to the rents and profits which accrued after the filing of the bill; 5th, requiring the complainant to pay the purchase-money, with ten per cent. interest thereon.

W. M. BROOKS, for appellant.—1. On making the tender required by law, the plaintiff became entitled to the possession of the land, and, consequently, to the rents and profits accruing subsequently. As soon as the amount prescribed by the statute is tendered and refused, the purchaser is in default, and becomes liable for rents and profits.—*Spoor v. Phillips*, 27 Ala. 193; *Freeman & Warren v. Jordan*, 17 Ala. 500.

2. The rights of Cornish & Sharpe, whatever they were, accrued pending the suit; and they were, therefore, bound by such decree as might be rendered, without being made parties to the suit.

3. That the assignee of the debtor has the right to redeem, see 5 Humph. 389, 610; 6 Humph. 64; 9 Humph. 126; 4 Sneed, 89; 7 Greenl. 377; 2 Sumner, 401; 16 Pick. 46; 5 Pick. 280; 1 Pick. 485.

THOMAS H. HERNDON, for Cornish & Sharpe, and JAMES T. JONES, for M. S. and W. B. Jones, *contra.*—1. Cornish & Sharpe, as subsequent incumbrancers, were properly made parties.—*Cook v. Mancius*, 5 Johns. Ch. 93; *Whitbeck v. Edgar*, 2 Barb. Ch. 106. The complainant's rights were not in any manner affected by their intervention, and he cannot complain of it.

2. The bill asserts the right to redeem under the statute (Rev. Code, §§ 2509–10), but does not aver that possession was delivered within ten days after the sale.—*Sanford v. Ochtalomi*, 23 Ala. 676; *Paulling v. Mead*, 23 Ala. 513; *Trimble v. Williamson*, 49 Ala. 526. The bill was without equity, for the want of this necessary averment; and for the further reason, that the money was not paid into court.—*Daughdrill v. Sweeny*, 41 Ala. 310; 11 Humph. 436.

3. The present statute, unlike the former, contains no provision as to rents and profits, even by way of set-off

against improvements.—Rev. Code, §§ 2509–21 ; Clay's Digest, 503, § 5.   A defendant certainly cannot be charged with rents and profits, until he is put in default, and afterwards receives rents and profits ; in other words, it must be shown that he is in possession, and that the lands are capable of being utilized ; and these facts must be alleged in the bill.—*Spoor v. Phillips*, 27 Ala. 193.

4.   The bill was wanting in equity, and the complainant was not entitled to any decree on the pleadings and proof ; consequently, any errors in the decree, if such exist, cannot injure him.—1 Brickell's Digest, 780, §§ 96–98.   The tender in the bill was not sufficient, because the money was not paid into court.—41 Ala. 310.   The tender to W. B. Jones was not sufficient to bind his wife, who was at that time a free dealer by statute ; and both she and her husband deny that he had any authority to act for her, or to bind her as agent or otherwise, while the complainant adduces no proof whatever on this point.   By the act making her a free dealer, she was relieved of all her legal disabilities, and authorized to transact business as a *feme sole.*—*Stone & Matthews v. Gazzam*, 46 Ala. 274.

STONE, J.—It is contended for appellee, that the bill of complainant—appellant here—contains no equity, and therefore we should refuse to consider his assignments of error, even if we find the chancellor erred to his prejudice.   This precise question was presented in *Bobe v. Stickney*, 36 Ala. 482, and we then ruled adversely to the argument made here. No question on the sufficiency of the bill is, or can be, presented on this appeal, taken, as it is, by the complainant in the court below.   We are satisfied with the reasons there given, and adhere to the decision then pronounced.

2.   But, if the question of the sufficiency of the tender, or excuse for not making it personally to Mrs. Jones, was, or could be, raised on this appeal, we think the bill must be pronounced sufficient, under the rule declared in *Spoor v. Phillips*, 27 Ala. 193.   See, also, *Freeman v. Jordan*, 17 Ala. 500.   This question is, mainly, one of practice ; and we think no good would result from overturning the rule, while very great injustice may be done, if we disregard it, to those who have been misled by it.   *Stare decisis.*   We are referred to *Daughdrill v. Sweeny*, 41 Ala. 310, as laying down a different rule.   That case departed from the principles declared in *Nelson v. Dunn*, 15 Ala. 501, 515, and *Cain v. Gimon*, 36 Ala. 168 ; and was overruled in *McGuire v. Van Pelt*, at the present term.

3.   Carlin acquired all his right to the lands in contro-

versy, and to redeem the same, after it had been sold and conveyed under the power contained in the mortgage. This is urged as a reason why he should not be allowed to redeem. As this question, under the rule above declared, is not before us, we propose not to consider it.—See *Hepburn v. Kerr*, 9 Humph. 726 ; *Jones v. Planters' Bank*, 5 Humph. 619 ; *Kennedy v. Howard*, 6 Humph. 65; *Bigelow v. Wilson*, 1 Pick. 485, 492 ; *Tucker v. Buffum*, 16 Pick. 46 ; *Huffaker v. Bowman*, 4 Sneed, 89. These decisions place a liberal construction on statutes which allow redemption of lands sold under executions, decrees, mortgages, etc.

4. We think the court very rightly permitted Cornish & Sharpe to intervene, and make themselves parties, under the facts shown in this record. The powers of the Court of Chancery, if undue delay and expense be not thereby cast on the complainant, should always be so moulded as to do complete justice to all parties in interest. On this principle rests all the doctrine of marshalling securities, and determining the priorities of subordinate liens and equities.—See *Cook v. Mancius*, 5 Johns. Ch. 89 ; *Whitbeck v. Edgar*, 2 Barb. Ch. Rep. 106.

5. The only remaining question is as to the right of the complainant to recover rents, after his tender and offer to redeem. He did not bring the redemption money into court; only offered to do so. He has probably had the continued use of the money. The chancellor found that he had, and we think he rightly came to this conclusion. Carlin has not claimed or shown that he kept the identical money on hand, with which he offered to redeem. Mrs. Jones has all the while denied and resisted Carlin's right to redeem; and she, and those claiming under her, have had the possession, and the rents and profits of the lands. The chancellor decreed the complainant's right to redeem; but, inasmuch as he had, all the while, had the use of his money, he held Mrs. Jones, and those standing in her right, accountable for no rents. In this single respect, we think the chancellor erred. After the tender, Mrs. Jones held the land in her own wrong. To relieve her from rents, is to offer an inducement to all persons, in like conditions, to resist redemption and retain possession, that they may enjoy the rents and profits. This would be to reward a violation of the law. When the debtor, or mortgagor, or one standing in such right, makes proper payment or tender to secure redemption, "such payment or tender has the effect to re-invest him with the title."—Code of 1876, § 2879. This clothes him with all the rights and incidents of ownership, and, among other things, with the right to be compensated for the use and occupation of his lands, wrong-

[Hughes v. Hatchett & Trimble.]

fully withheld from him. He is entitled to annual rent, with interest on each year's renting, until the coming in of the report. But, against this, she and those holding under her are entitled to a credit for any taxes she or they may have paid on said lands, as of the time such payments were made, with proper interest thereon. But, inasmuch as the complainant has had the use of his money since the tender was made, in order to do complete equity it is right to charge him with interest thereon from the time of the tender, until the payment of the money into court; and the decree of the chancellor is modified accordingly.

It is referred to the register of said court, to take an account, and report to the said Chancery Court on the several matters of rent, taxes paid, and interest on the redemption money, in addition to the matters referred to him by the decree of the chancellor, and that he report to the chancellor. In taking the account, he will consult the pleadings and proofs on file, and all other legal evidence that may be offered. All other questions are reserved for decision by the chancellor.

Reversed and rendered.