# Marlowe & Wife *v.* Benagh.

*Bill in Equity to establish, reform, and foreclose Mortgage.*

1. *Conclusiveness of decree in chancery, affirmed on appeal.*—A decree in a chancery cause, rendered on final hearing on pleadings and proof, as to the relative priority of two mortgages, having been affirmed by this court on appeal, the question of priority is definitely settled in the cause, and can not be re-opened, by petition filed in the court below by one of the parties, on grounds not presented on the former hearing.

2. *Homestead exemption; claim to proceeds of sale of, as between two mortgagees.*—Under a bill in equity to settle the relative priority of two mortgages, and to have them foreclosed by a sale of the mortgaged property, which was the town residence of the mortgagor, and brought $7,000 at the register's sale; the second mortgagee can not claim $2,000 of the proceeds, on the ground that his mortgage, which was signed by the mortgagor and his wife jointly, was a valid alienation of the homestead, and the first was not.

APPEAL from the Chancery Court of Tuskaloosa.

Heard before the Hon. CHARLES TURNER.

The bill in this case was filed on the 29th January, 1873, by Mrs. Mary C. Benagh, against William A. Battle and wife, N. P. Marlowe and wife, and A. B. McEachin; and sought to establish a mortgage executed to the complainant by said W. A. Battle, to correct a mistake in the description of the property conveyed by it, to settle the equities between the complainant's said mortgage and another mortgage on the same property in favor of Mrs. Marlowe, to have the complainant's mortgage declared a first lien on the property, and to have the property sold in satisfaction of the mortgage debts. The mortgage which the bill sought to establish was given to secure the payment of a promissory note for $4,860, borrowed money, of even date with the mortgage, January 4th, 1870, and payable twelve months after date, conveyed several town lots in Tuskaloosa, on which was situated the residence of said W. A. Battle, the mortgagor, and was signed by him alone. Mrs. Marlowe's mortgage, which conveyed the same property, was dated the 4th January, 1871, was given to secure the payment of $5,967.50, borrowed money, and was signed and acknowledged by said Battle and wife. The complainant's said mortgage was in fact delivered up and cancelled, on the renewal of the debt, and another mortgage taken in lieu of it, on the 5th January, 1871, on the same property, and on a tract of land known as the "Perkins plantation." This was done by her attorneys; and the material question in the case, as shown by the pleadings

and evidence, was, whether it was done with the knowledge and approval of the complainant. This tract of land had been bought by said Battle from the administrators of the estate of C. H. Perkins, deceased, but only about $3,000 or $4,000 of the purchase-money had been paid, leaving an unpaid balance of $8,000 to $9,000. This tract of land was afterwards sold, and bought by one McLester, at the price of $12,000; but no part of the purchase-money was received by the complainant on her debt, she having entered on the records a release of the lands from any claim under her mortgage; and the validity and effect of this release, and the circumstances attending the execution of it, were controverted questions in the case. On the 28th February, 1872, William A. Battle and wife executed another mortgage to the complainant, as additional security for her debt, conveying another tract of land of one hundred and sixty acres, ten or twelve mules, and other personal property; and also delivered to her, as a partial payment, or as security, the acceptance of Alfred Battle for $3,000; and it was insisted on the part of the defendants, Marlowe and wife, that this accepted draft was given and received in consideration of the complainant's release of the Perkins lands from her mortgage. Marlowe and wife answered the bill; insisting on the priority of Mrs. Marlowe's mortgage, and alleging that, at the time her money was loaned, it was on the express understanding and agreement that she was to have a first mortgage on the residence of said Battle, and that the complainant had full knowledge of all the facts, and approved and ratified every thing that her attorneys had done.

On final hearing, on pleadings and proof, at the August term, 1873, the chancellor (Hon. A. W. DILLARD) rendered a decree for the complainant, holding that her mortgage of January 4, 1870, had never been cancelled or released, but was still a valid and subsisting lien on the property conveyed, "and prior in point of time and equity to all other liens mentioned in the pleadings." He therefore directed a sale of the property by the register, and also ordered him to institute an action at law on the accepted draft for $3,000, and to bring the money, when collected, into court; and ordered a reference as to the question of usury in either or both of the mortgage debts. A sale of the town residence was made under this decree, Mrs. Marlowe becoming the purchaser, at the price of $7,000; and the register's report of the sale was confirmed by the court. On appeal to this court, by Marlowe and wife, the chancellor's decree was affirmed on the 15th February, 1875.—See the report of the case, 52 Ala. 112. On the 5th November, 1875, Marlowe and

[Marlowe and Wife v. Benagh.]

wife filed their petition in the court below, in which, after stating the proceedings had in the cause, and the affirmance of the chancellor's decree by this court, "but without settling or directing the manner in which said funds shall be distributed between the several mortgagees," and that the moneys had all been collected and paid into court,—they prayed an order or decree, "directing the register to distribute said funds now in court as follows: that the sum of $5,000, together with the sum of $161.40, back taxes on said house and lots paid by them, of said proceeds of sale, be paid over to your petitioners by said register, and the balance of said proceeds, less said back taxes, be paid to said Mary C. Benagh." The petition stated, as grounds for the relief prayed, that Mrs. Benagh accepted the $3,000 draft, on which a judgment had been obtained against Alfred Battle, as a partial payment of her debt, and in consideration of it released her mortgage on the "Perkins plantation;" and that her mortgage, not being executed by said W. A. Battle jointly with his wife, did not convey his homestead exemption in the mortgaged lands, while Mrs. Marlowe's mortgage was a valid alienation of the homestead. The chancellor sustained a demurrer to the petition, and dismissed it; and also overruled and refused a motion, then submitted by said Marlowe and wife, asking that they be allowed to file a cross-bill as to these matters. The decree on the petition, and the refusal to allow a cross-bill to be filed, are now assigned as error.

VAN HOOSE & POWELL, for appellants.—On the first hearing in this case, the chancellor reinstated the complainant's mortgage, declared its priority over that of Mrs. Marlowe, and ordered the funds to be brought into court for distribution; and this court only affirmed the chancellor's decree on these points. The assignments of error on that appeal, and the printed argument submitted for the appellants, embraced the two questions now presented by the petition; and an application for a rehearing was then filed, asking the court to decide these questions. Under these circumstances, the questions not having been determined, the defendants were entitled to present them by petition.—1 Barbour's Ch. Pr. 578; *Cowles & Ledyard* v. *Andrews*, 39 Ala. 129; Rule of Chancery Practice, No. 102. The original bill brought in the contesting mortgagees, and asked to have the equities settled, and the assets marshalled; and no cross-bill was necessary.—*Taunton & Brook* v. *McIntosh*, 46 Ala. 619. If a cross-bill was necessary, the refusal to allow it was error. Story's Eq. Pl. § 396. That the complainant was chargeable

with the $3,000 draft, in consideration of which she released her mortgage on the Perkins lands, can not be doubted.—1 Story's Equity, §§ 50½, 635–38; 1 Hilliard on Mortgages, pp. 343–4, §§ 30, 31, p. 367, §§ 35, 88, 93.   As an alienation of the homestead, the complainant's mortgage was void, because the mortgagor's wife did not join with him in executing it; while Mrs. Marlowe's mortgage, being executed and acknowledged by husband and wife jointly, was a valid alienation of the homestead.   Under the decree, the property was sold under both mortgages, and the purchaser acquired a good title to the homestead.   To the extent of $2,000, the value of the homestead, the complainant can assert no claim to the proceeds of sale.

HARGROVE & LEWIS, *contra.*—The points which the petition seeks to re-open, have been already adjudicated, and are concluded by the former decree in this case.   As to the release of the Perkins lands, if there were any merit in the ground taken by the petition, it ought to have been presented by cross-bill at the proper time.—*Cullum v. Erwin*, 4 Ala. 452; Revised Code, § 3367.   But the release amounted to nothing, since the mortgage on the Perkins lands was worth nothing.—6 Paige, 35; 2 Barbour's Ch. 151; 30 N. Y. 428. The acceptance of Alfred Battle was taken only as additional security, and it has never been collected; if collected, it will be paid into court.   The claim advanced on account of the homestead exemption is settled by the decision of this court, at its last term, in the case of *Miller v. Marx.*

STONE, J.—The bill in the present case was filed to establish and foreclose a mortgage, alleged to have been made by Battle, January 4th, 1870, to secure a debt to Mrs. Benagh, therein described.   Marlowe and wife, charged to be mortgagees of the same property, were properly and necessarily made parties.   A debt to Mrs. Benagh was a fundamental fact, to uphold the mortgage, and the bill for its foreclosure. The existence, description, and amount of that debt were averred in the bill.   Marlowe and wife controverted complainant's right to recover, and to a first lien—not on the ground that the alleged debt was not justly owing and unpaid; nor on the ground that Battle had a homestead in the premises, which was not conveyed by the mortgage to Mrs. Benagh, but was conveyed by the mortgage to Mrs. Marlowe.—*McGuire v. Van Pelt*, December term, 1876.   The defense was vested on the ground, that the mortgage to Mrs. Benagh, of January 4th, 1870, was cancelled, a mortgage made to Mrs. Marlowe, bearing date January 4th, 1871, and

a second mortgage—all on the same property—made to Mrs. Benagh, bearing date January 5th, 1871. The real subject of contestation was, whether the first mortgage, that of January 4th, 1870, had been cancelled by authority of Mrs. Benagh. On this central controversy much testimony was taken, and it bears evidence of very deep, if not acrimonious feeling. The chancellor decreed in favor of complainant, settling every question in the cause, except the question of a small amount of usury, and the amount due complainant on her note. That decree was final; and after its rendition, an appeal was prosecuted to this court, and the chancellor's decree in all things affirmed.—See *Marlowe v. Benagh*, 52 Ala. 112. All questions theretofore decided by the Chancery Court, and affirmed by this court, were thereby placed beyond the power of the chancellor to review; and even beyond the power of this court to reconsider, coming before us as the present questions do. The case was not remanded on the former hearing, but remained open in the court below, simply for the purpose of ascertaining the several amounts due, and of executing the decree.

We agree fully with the chancellor, in holding that, in the state in which the case then stood, the petition filed could not be entertained. Its object was to retry the cause on the merits, and on grounds which, if they exist at all, ought to have been pleaded and tried on the first hearing on the merits. It would be subversive of fundamental rules, to allow a defendant to experiment with one defense on the merits, through all the stages of pleading, evidence, and final decree—yea, of affirmance in this court; and, failing in that, to permit such party, by petition, to introduce and have a second trial, on another defense, equally meritorious with the first, which, if true, existed and was known before the bill was filed. Such is not the office of a petition.—See 2 Dan. Ch. Practice, § 1603; *Cowles v. Andrews*, 39 Ala. 125.

We do not wish to be understood as affirming that the defense, if made in the first instance, would have availed any thing. There was nothing in the claim of homestead.—See *Miller v. Marx*, and *Watts v. Burnett*, at December term, 1876. And the proof tends to show that no injury was done Mrs. Marlowe by the release of the mortgage on the Perkins place.

We have noticed all the questions that are before us, and we find no error in the decree of the chancellor on the petition.

Affirmed.