# *Ex parte* Printup; *Ex parte* Elliott.

### Applications for Mandamus to Chancellor, on refusal to allow Petitioners to come in as Parties.

1.   *Intervention of third persons as parties by petition* —By the general
rule of practice in courts of equity, third persons can not be allowed to
come in as parties to a pending suit on their own motion, or by petition,
against the objection of the complainant; but are required to propound
their interests by original bill in the nature of a cross-bill, or in the
nature of a supplemental bill.

2.   *Same.*—The only recognized exceptions to this general rule are—
1st, that the beneficiaries of a trust are sometimes allowed to intervene
by petition in a suit to which the trustee is a party; and, 2d, where
a person has an interest in a fund which is in the custody, or under the
control of the court, and he desires to secure its proper administration
and distribution.

APPLICATIONS by petition, by John S. Printup and James
M. Elliott, respectively, for the writ of *mandamus* to Hon.
S. K. McSPADDEN, presiding in the Chancery Court of
Etowah, requiring and commanding him to allow them to

intervene as parties in a suit pending in said court between other persons, on the facts stated in the opinion of the court.

JOHN T. MORGAN, for the petitioners, cited Cook on Stock-holders, § 659; 2 Black, 715; *Bayliss v. Railroad Co.*, 2 Biss. 193; *Stout v. Lye*, 103 U. S. 66; *Bronson v. Rail-road Co.*, 2 Wall. 285, 304; 34 Texas, 125; *Scott v. Ware*, 64 Ala. 182; *Lyons v. Hamner*, 84 Ala. 197; *Bingham v. Jones*, 84 Ala. 202; *Ex parte Branch*, 53 Ala. 140; *Carlin v. Jones*, 55 Ala. 624; *Dodge v. Woolsey*, 18 How. 331; 105 U. S. 13; 111 U. S. 518; 52 Me. 115.

JNO. H. DISQUE, WM. H. DENSON, and R. F. FOUCHE, *contra*, cited *Ex parte Branch*, 53 Ala. 140; *Renfro Bros. v. Goetter, Weil & Co.*, 78 Ala. 311; *Hill v. Miller*, 9 Gill & J. 73; *Bank v. Man. Co.*, 10 Paige, 481; 6 Blatch. 151; Story's Eq. Pl. § 72; Dan. Ch. Pr., vol. 1, p. 190.

McCLELLAN, J.—On April 29, 1889, John S. Printup filed his petition in the Chancery Court of Etowah, setting forth a state of facts, which it is unnecessary to recapitulate here, tending to show that he had an interest in the subject-matter involved in a cause pending in that court, in which Daniel S. Callahan was complainant, and the Rome & Deca-tur Railroad Company and others were defendants; and prayed therein "that he may be admitted as a party defend-ant in said cause in this honorable court, to defend against the bill of the American Trust Company" (a defendant which had filed a cross-bill), "in the same manner and with the same effect as he would have been if originally made a party defendant therein, and that he may make his defense by motion, demurrer, plea, or answer."

On 22d of May, 1889, James M. Elliott filed his petition in said court, propounded therein the interest of the estate of Daniel S. Printup in the subject-matter of said suit, and prayed to be appointed administrator *ad litem* of Printup's estate, and in that capacity to be admitted into the cause as a party, "to defend and protect the interests of said estate as he may be advised, by answer, cross-bill, plea or demurrer to the bill and cross-bill, or any other pleading in said cause; and also in any original suit that should be instituted by petitioner in said court of chancery to secure full justice and equity to said estate."

On May 24, 1889, a decree was entered, denying the peti-

tion of James M. Elliott; and on motion of the complainant in the cross-bill, striking the petition of John C. Printup from the files. Motions are now made in this court for writs of *mandamus*, to compel the chancellor to reinstate, and grant the prayers of said petitions, respectively.

It is manifest from the foregoing statement, that the purpose of the petitioners is to intervene generally in a pending cause, and to exercise therein all the rights of original parties. It is also clear, from the record exhibited in this case, that the privilege to thus intervene is not claimed by the petitioners upon any idea of a trust relation existing between them and the parties in the court, or upon any theory that a fund is being administered in this proceeding, in which the petitioners are entitled to share, and that they should be allowed to come in merely for the purposes of distribution. On the contrary, it is patent that this case involves—pretermitting consideration of the power of the court in any case to appoint an administrator *ad litem* of an estate not before, in any manner, represented in the litigation—the naked question of the right of a stranger, on his own petition, and against the objection of the parties litigant, to be made a party to the record. To a satisfactory determination of this question, a brief review of the authorities will be advantageous, if not essential.

The result of the adjudged cases is stated by text-writers to be, that a motion to be admitted as a defendant in a suit is irregular, and that in equity jurisprudence there is no such practice as making a person a defendant in a pending cause upon his own application, and over the objection of the complainant.—1 Daniel's Ch. Pl. & Pr. 287.

Upon this general rule but two exceptions have been engrafted. One of these, growing out of trust relations between a party and third persons—relations which do not exist, as we have seen, in this case—is thus formulated by Judge Story: "If the *cestuis que trust* should not be made parties to the suit, and their interests are apparent, a court of equity will sometimes, as a matter of indulgence, and to prevent further delay and expense, allow them to bring forward their claims by petition, in order to have their interests ascertained, and their rights protected."—Story Eq. Pl. § 208; *Drew v. Harman*, 5 Price, 319.

The other exception is illustrated in those cases where the petitioner desires to intervene only for the purpose of the proper administration and distribution of a fund, which is

in the custody or control of the court, and in which he, though not a party, is entitled to share.—*Carlin v. Jones*, 55 Ala. 630.

In *Shields v. Barrow*, 17 Howard, 417, it is said: "If the plaintiff desires to make new parties, he amends his bill, and makes them. If the interest of the defendant requires their presence, he takes the objection of non-joinder, and the plaintiff is forced to amend, or his bill is dismissed. If, at the hearing, the court finds that an indispensable party is not on the record, it refuses to proceed. These remedies cover the whole subject" of the introduction of new parties into a pending cause.

In *Drake v. Goodrich*, 6 Blatch. 151, it is said, that no such practice is known in equity, as making a person a defendant to a suit on his own application, or as compelling a plaintiff to join as co-plaintiff a person not a party, on the application of such person.

To the same effect is the case of *Coleman v. Martin*, 6 Blatch. 119.

And these cases are referred to in the case of *Stretch v. Stretch*, 2 Tenn. Ch. 140, and the principle announced in them fully indorsed. In the latter case, as in the case at bar, the subject-matter of the litigation was in the hands of a receiver, who had been appointed in the suit to which the petitioners sought to be made parties. Chancellor Cooper, in delivering the opinion in that case, uses this language: "Where there is no privity, a stranger interested in the subject-matter or objects of a suit must bring forward his claim by an original bill in the nature of a supplemental bill, or in the nature of a cross-bill, as the case may be, so that those interested adversely may have process, with a copy of the bill, served on them, and may have an opportunity to avail themselves of the regular modes of defense against such bill; and even where a third person claims under or in privity with one of the parties litigant, his interest can only be brought before the court by bill. It can not be done by petition.—*Foster v. Deacon*, 6 Md. 59; *Carow v. Mowatt*, 1 Edw. Ch. 9."

The case of *Searles v. J.; P. & M. R. R. Co.*, 2 Woods, 621, involved a relationship between the petitioning and litigant parties, very like that existing in the facts in this case. That was a bill filed by the owners of the first-mortgage bonds of a railroad, to foreclose the mortgage, and sell the road in payment of the bonds. The petitioner claimed to

be the owner of second-mortgage bonds of the defendant company, and as such desired to set up certain equities he had' against the right of complainant to foreclose and apply the proceeds of foreclosure to the payment of the first-mortgage bonds. The motion to be made a party was denied by Mr. Justice BRADLEY; and it was held, that "a complainant can not be compelled to add parties to his bill, if he chooses to take the responsibility of their not being made parties."

The doctrine of these cases, and the general principle in this behalf announced in the texts referred to, have received the unqualified indorsement of this court. The case of *Ex parte Branch* was strikingly like the present one in its facts, except it had progressed further towards a final determination. In each, the effort was to foreclose a mortgage on a railroad. In each, unsecured creditors sought to intervene to defeat foreclosure. While it is true in that case prominence was given to the fact that a decree of foreclosure had passed, and had been partially executed; yet one ground of the opinion, which denied the right of intervention, clearly was, that the petitioners "required a larger field for the development and opportunity for more vigorous action than is afforded generally to one who comes into a cause to attend to the details of the distribution of a fund in court, and a claim to his share;" thus evidencing the understanding of the court that intervention by petition could only be allowed for the limited purposes indicated.—*Ex parte Branch*, 53 Ala. 149.

The point really involved and decided in the case of *Carlin v. Jones* goes no further than this, though the language employed may be susceptible of a broader significance; and both these cases are in harmony with the general principle announced in the outset, that intervention by petition may be allowed when the purpose of the petitioner is to assert his interest and right to share in a fund which is in the custody of, and being administered by the court. Manifestly, this is not the purpose of the petitioners in the case at bar. They do not seek to share in the fund which will be brought into court as result of the proceeding to which they ask to be made parties, but, on the contrary, their avowed purpose is to defeat the only action of the court which could produce a fund to be administered and distributed.—*Carlin v. Jones*, 55 Ala. 630.

As a deduction from all the authorities, the rule was stated in the later case of *Renfro Bros. v. Goetter Weil & Co.*,—a case in which, like that of *Stretch v. Stretch, supra*, and the

case at bar, the subject-matter of the litigation was in the hands of a receiver, so that no independent suit could be instituted in regard to it, except by leave of the court first had—to be, that "when a person, not a party to a pending suit, between whom and the complainant there is no privity, but who has a claim or lien on the property, or is interested in the subject-matter of the suit, desires for his own protection to present his new claim, to assert his independent right, and raise new issues, he must do so by a formal bill, containing appropriate allegations—an original bill in the nature of a cross-bill, or of a supplemental bill, as the case may be."—*Renfro v. Goetter*, 78 Ala. 314; *Cowles v. Ledyard*, 39 Ala. 130.

Two cases are relied on by the petitioners, as supporting their right to intervene in the cause presented by the record before us. One of these is *Carlin v. Jones, supra*. If that case goes further than we have construed it to go above, as counsel insists it does, we feel constrained by our own adjudications, and the great weight of authority in other jurisdictions, not to follow it. The other case, upon which reliance is had, is that of *Bronson v. La Crosse Railroad Co.*, 2 Wall. 283, in which the position of petitioners unquestionably finds support, in so far as it is sought to intervene here in the capacity of stockholders in the Rome & Decatur Railroad Company. Even in that case, the right was admitted with hesitation, and the remedy was said to be an extreme one, growing out of the necessities of the case. The conclusion reached is not supported by any citation of authority, either in the opinion of the court, or in the brief of counsel; it is opposed to all other adjudications on the point, and we can not concur in it.

Upon a careful examination and review of all the cases, we have no hesitancy in re-affirming the rule announced in *Renfro v. Goetter, supra*, and holding the petitioners were not entitled to the relief prayed for.

This conclusion renders it unnecessary to consider questions arising on the application of Elliott to be appointed administrator *ad litem* of the estate of Daniel Printup.

The applications for writs of *mandamus* are denied.