# Warren & Co. *v.* Wetumpka Lumber Co.

*Creditors' Bill in Equity against Insolvent Corporation.*

1. *Creditors' bill; conflicting claims of creditors, and how presented.* Under a general creditors' bill against an insolvent corporation and

its stockholders, for an administration and distribution of its assets, if an unsecured creditor, who only comes in and proves his claim against the corporation, can be heard to insist that his debt is entitled to priority and preference over a debt secured by mortgage, on the ground that the mortgagee verbally agreed that his debt for necessary supplies furnished, before it was created, should be paid before the mortgage debt, this question can not be adjudicated without a cross-bill, or other appropriate pleading, since the other creditors have no interest in it.

APPEAL from the Chancery Court of Elmore.
Heard before the Hon. S. K. McSPADDEN.

WATTS & SON, for appellants.

CLOPTON, J.—James H. Hartley and the Escambia Lumber Company file the bill, on behalf of themselves and the other creditors, against the Wetumpka Lumber Company, an insolvent corporation, and its stockholders. The objects of the bill are, to require the stockholders to pay their alleged unpaid subscriptions, and to enjoin the prosecution of an action brought by H. W. Clark, the principal shareholder, against the corporation, to enforce a material-man's lien, on the ground that nothing is due him; also, the appointment of a receiver, and general relief. The bill was amended, so as to make creditors who claim to hold mortgages and a vendor's lien on the lands sold the company, defendants. On a reference held by the register under a decree of the Chancellor, J. R. Warren & Co., among other creditors, filed and proved their claim for about fifteen hundred dollars. Clark filed and proved a claim for four thousand dollars, secured by a mortgage on property of the company, and also a claim for over five thousand dollars for materials furnished, for the security of which he claimed a lien under the statute. J. R. Warren & Co. contested the priority of Clark's mortgage over their claim, and introduced proof tending to show that Clark agreed, if they would sell supplies to the company, not to press his mortgage until their claim was paid. As to this agreement, however, the evidence was conflicting. The register reported in favor of the claims of Clark, and the validity of his lien and mortgage; but also, that J. R. Warren & Co. sold supplies to the corporation, upon the understanding and agreement that Clark's mortgage was not to be enforced until their claim was paid. The chancellor sustained the exceptions of Clark to the report, and decreed that his mortgage is not postponed, and is superior to J. R. Warren & Co.'s claim.

The report of the register as to the amount of Clark's debt, and the validity of his lien and mortgage, was confirmed with-

out exceptions being filed thereto. No exceptions having been filed in the Chancery Court, objection can not now be made in this court, and the assignments of error relating to these questions can not be considered. It is unnecessary to consider the evidence as to the asserted agreement that Clark would not enforce his mortgage until J. R. Warren & Co.'s claim was paid, or the effect of such agreement, if made ; for we do not regard this matter presented in a manner in which the chancellor could properly consider it. J. R. Warren & Co. did not come in and make themselves complainants under the invitation of the bill. They became parties only so far as their appearance, filing and proving their claim before the register, constituted them such. It may be, as has been said, that the general rule, where there are opposing interests between co-defendants, or a defendant seeks affirmative relief, a cross-bill must be filed, has a narrow and limited application to suits for the marshalling and distribution of assets, when creditors, having conflicting claims, come in and submit to the jurisdiction of the court, that their rights in the administration of the assets may be protected and enforced.—*In re Tallassee Man. Co.*, 64 Ala. 567. By so coming in, they become *quasi*-parties, with the right to oppose or contest the claims of the other creditors, and their priorities, and obtain a decree respecting them, without formal intervention by bill, or otherwise. All questions concerning the administration and distribution of the assets, so that all unsecured creditors may receive their due portion, notwithstanding intervening liens, or other claims to prior satisfaction out of a portion of the assets—all questions coming within the scope and purposes of the suit, and in which the parties have a common interest—may be adjudicated and determined without presentation by other formal proceeding. But, when there are opposing interests between two creditors, in which the others have no interest, and the determination of which is not necessary to enable all creditors to obtain administration of the assets upon principles of equality so far as may be applied; when new questions, presenting independent matter not pertaining to the suit and its purposes, are raised, they should be regularly presented in the form of a cross-bill, or original bill, as may be appropriate.— *Coles v. Andrews*, 39 Ala. 125. Whether Clark agreed to waive his lien in favor of J. R. Warren & Co., or is estopped from asserting it against them, is a matter in which they are alone interested. If such agreement was made, it created no lien upon the property in favor of Warren & Co., as against complainants, or other creditors, and they could not assert a preference to be paid out of the property mortgaged to Clark, over the unsecured creditors.

[Montgomery & Eufaula Railroad Co. v. Stewart.]

The purposes of the suit before the court being the marshalling and distribution of the corporate assets, its scope was comprehensive enough to include the adjudication of all controversies, between the unsecured creditors and those who claimed priority, which affected the equality of distribution.   The right of the other creditors was an equal distribution of the surplus, if any, arising from the property mortgaged to Clark, after paying his debt secured thereby.   Warren & Co. were not entitled to preferred payment.   If Clark agreed not to enforce his mortgage until their claim was paid, their right is against Clark individually.   They acquired no lien on the property as against the corporation, and their claim of priority as against Clark involved no controversy with the other creditors.   Being a matter which concerned them and Clark only, it did not come within the scope of the suit, or the issues presented by the pleadings, and its determination was not necessary to a complete decree.   Without deciding whether the matter is so entirely foreign to the nature and objects of the suit that it could not be brought therein, it suffices that Warren & Co. not having presented it by any proceeding conforming to the modes of chancery procedure, the question was not presented so as to require its decision, and no decree should have been made, except an order sustaining Clark's exceptions to the report of the register, thereby eliminating this particular controversy from the case.   The decree will be amended so as to strike out these words, "and said defendant Clark's mortgage is not postponed until the supply bill of Warren & Co. is paid, but the said mortgage is hereby declared superior to said Warren & Co.'s bill;" and as thus amended, is affirmed.—*May v. Duke,* 61 Ala. 53.