# Talladega Mercantile Co. v. Jenifer Iron Co.

*Bill in Equity to Enforce a Judgment Lien.*

1. *Lien on debtor's property; not impaired by appointment of receiver.* The appointment of a receiver does not affect the title of the property entrusted to him; and when a judgment creditor has obtained a lien upon the property of his judgment debtor before the appointment of a receiver thereof, the lien is not destroyed or impaired by such appointment, but the receiver is seized of the property subject to said lien.

2. *Stranger to suit; how his claim, as to subject matter in litigation, must be presented.*—When a person, who has a claim or lien on property involved in a pending suit, and between whom and the complainant in said suit there is no privity, or who is interested in the subject matter of the suit, desires, for his own protection, to present his claim and raise new issues, he must do so by formal bill containing appropriate allegations—an original bill in the nature of a cross-bill, or by a supplemental bill, as the circumstances of the particular case may authorize.

3. *Right of judgment creditor to maintain bill to enforce a lien; not affected by right to intervene in a pending suit.*—Where, after the lien of a judgment creditor has attached to the property of a judgment debtor, a receiver is appointed for all of the property of said debtor, in a suit by other creditors of said debtor for themselves and all other creditors who would come in and make themselves parties to the suit, the said judgment creditor having been permitted, by order of the court pending the receivership, to file a bill against the receiver and debtor to en-

force his lien, is entitled to maintain the suit thus commenced, although he may have intervened in the suit in which the receiver was appointed.

4. *Receiver's possession of property subject to a lien; appropriation of profits.*—Wherever property subject to lien has been brought within the domain of a court of equity, and a receiver of such property is appointed, the rents and profits coming into the hands of the receiver, along with the property itself, will be appropriated to the satisfaction of the lien, after paying the necessary burden and expenses.

APPEAL from City Court of Talladega.

Heard before the Hon. JOHN W. BISHOP.

The appeal in this case is taken from a decree of the city court sustaining a certain demurrer interposed to a bill filed by appellant, the Talladega Mercantile Company, against the appellees.

The bill filed by the Talladega Mercantile Company shows by its averments, that on July 15, 1893, the complainant recovered a judgment in the city court of Talladega against the Jenifer Iron Company, and that immediately thereafter the complainant procured from the clerk of said court a certificate of the judgment so recovered, and filed the same in the office of the probate judge of Talladega county, where it was registered by the probate judge, as required by the statutes creating liens in favor of judgment creditors; that on August 18, 1893, an execution was issued out of the said city court of Talladega on the judgment recovered by the Talladega Mercantile Company, and was placed in the hands of the sheriff, which execution was unsatisfied at the time of the filing of the bill; that on July 27, 1893, after the recovery of the judgment, and the filing and registration of the certificate of the same in the office of the probate judge of Talladega county by the complainant, the Anniston Manufacturing Company and the O. H. Parker Company, as creditors of the said Jenifer Iron Company without a lien, filed their bill on behalf of themselves and all other creditors of the said Jenifer Iron Company, "who should come in and make themselves parties to the bill and share the expenses thereof," against the Jenifer Iron Company, and prayed for the appointment of a receiver; that the court appointed a receiver, who took possession of all the property of the Jenifer Iron Company.

The present bill was filed by the Talladega Mercantile

Company on September 3, 1893, after obtaining special leave of the judge of the city court, who had appointed the receiver at the instance of the Anniston Manufacturing Company and the O. H. Parker Company, and prayed that upon the final hearing of the cause the court would "render a decree that the said receiver permit the said sheriff to levy upon and take into his possession and sell so much of" the property of the Jenifer Iron Co., "upon which the complainant's said lien attached, from time to time, under an execution in his hands, or such others as may in the future issue on such judgments, as may be necessary to pay off and discharge the same, and if the said receiver had sold any of the property upon which the complainant's said lien attached, then he be required to pay over the proceeds of the same to the complainant on the said judgment." This bill was demurred to on several grounds, the substance of the principal one being stated in the opinion.

Upon the submission of the cause upon the demurrer, the chancellor sustained said demurrer; and his decree in this behalf is assigned as error.

BROWN & DRYER, for appellant.—The complainant in the bill in this case is interested in the subject matter of the creditors' bill, but it was necessary to bring forward its independent right or interest in the subject matter by an original bill in the nature of a supplemental or cross bill.—1 Dan. Ch. Pl. & Pr., § 287 and notes 1, 2; *Gay, Hardie & Co. v. Brierfield C. & I. Co.*, 94 Ala. 303, 11 So. Rep. 353; *Warren & Co. v. Wetumpka Lumber Co.*, 91 Ala. 418, 9 So. Rep. 186; *Ex parte Printup*, 87 Ala. 148, 6 So. Rep. 418; *Renfro Bros. v. Goetter, Weil & Co.*, 78 Ala. 314; *Ex parte Branch*, 53 Ala. 140; *Flournoy v. Harper*, 81 Ala. 494, 1 So. Rep. 545; *Cowles v. Andrews*, 39 Ala. 125.

OTTS & DICKSON and KNOX & BOWIE, *contra*, cited *Wiswall v. Sampson*, 14 How. (U. S.) 64; 20 Amer. & Eng. Encyc. of Law; 20, § 4; Beach on Receivers, 241, § 301; *Carlin v. Jones*, 55 Ala. 624; *Adams v. Sayre*, 76 Ala. 517; *Louisville Man'fg. Co. v. Brown*, 101 Ala. 274, 13 So. Rep. 15.

HARALSON, J.—It is not open to dispute in this case,

that the appellant, by its judgment, and the record of the same in the probate court, as required by statute to make it a lien, the issue of execution on the judgment and placing it in the hands of the sheriff, acquired a lien on the property of the defendant, the Jenifer Iron Company, within the county which was subject to levy and sale, the bill filed by the Anniston Manufacturing Company and the O. H. Parker Company against the Jenifer Iron Co., on behalf of themselves and other creditors of the respondent, in which suit a receiver was appointed, and who, under the orders of the court, took possession of all the property and assets of the respondent corporation, did not and could not have the effect to destroy or impair the judgment and execution lien of the appellant on the property of the defendant, the said Jenifer Iron Co.—Beach on Receivers, § 301 ; High on Receivers, § 138 ; 20 Amer. & Eng. Encyc. of Law, p. 126, § V.

The bill was demurred to on many grounds; but only one seems to be insisted on in argument, and that one is, in effect, that the complainant showed no reason why it should not intervene and make itself a party in the said case of the Anniston Manufacturing Company, and another against the Jenifer Iron Company.

It is not to be denied that, on a proper application by petition to the court, the complainant might have been allowed to file its claim against said company, and had it allowed, without loss of its lien and consequent preference over other debts, not of superior right or lien. The whole matter being before the court in one suit, the rights of all creditors might have been properly ascertained and adjudicated in that proceeding.—*Louisville Manfg. Co. v. Brown*, 101 Ala. 273; *Ex parte Printup*, 87 Ala. 148 ; *Carlin v. Jones*, 55 Ala. 624 ; *Wiswall v. Sampson*, 14 How. 53 ; Beach on Receivers, § 301 ; Story. Eq. Pl., § 208. In *Ex parte Printup*, *supra*, it is said that "intervention by petition may be allowed when the purpose of the petitioner is to assert his interest and right to share in a fund which is in the custody of, and being administered by, the court," but not where the "purpose is to defeat the only action of the court which could produce a fund to be administered and distributed." A complainant has the right,—if he keeps within the rule as to necessary parties,—to select

and sue such parties as against whom he seeks some redress; and no one, a stranger to the litigation, has the right, on his own petition and against the objection of the complainant, to be made a party to the record.

After a careful review of the authorities, and as a deduction therefrom, we have heretofore announced the rule in a case like the one at bar,—when the subject matter was in the hands of a receiver, so that no independant suit could be instituted in regard to it, except by leave of the court,—to be, that "when a person, not a party to a pending suit, between whom and the complainant there is no privity, but who has a claim or lien on the property, or is interested in the subject matter of the suit, desires for his own protection to present his new claim, to assert his independent right, and raise new issues, he must do so by a formal bill, containing appropriate allegations—an original bill in the nature of a cross-bill, or of a supplemental bill, as the case may be."—*Ex parte Printup, supra; Renfro v. Goetter,* 78 Ala. 314; *Cowles v. Andrews,* 39 Ala. 130; *Stretch v. Stretch,* 2 Tenn. Ch., 140.

Now, it appears in the matter we have in hand, that the Anniston Manufacturing Company, and the O. H. Parker Company, complainants in the bill against the Jenifer Iron Company—in which a receiver was appointed by the court—filed it in behalf of themselves and all other creditors of the said defendant company, who would come in and make themselves parties to the suit. They sought to exclude no one; who was a creditor of the defendant, from the fruits of the litigation, and the door was opened as wide to the complainant in this suit to come in and propound its claim, as to any other creditor. The complainant might have heeded the invitation, but it did not do so. It sought to enforce its lien and debt by an independent bill against the Jenifer Iron Company and the receiver in the other case. Before doing so, however, it was careful not to disobey the injunction of the court in the injunction suit by instituting its suit without leave of the court, but applied to the chancellor of the court, in which said cause was pending and under whose orders the receiver was acting, for leave to file its bill, and the chancellor made and signed the following order on the bill: "On inspection of the foregoing bill of complaint, it is ordered, adjudged and

decreed that the complainant has leave to make the said receiver, John E. Ware, a party defendant thereto, and to file said bill and to proceed regularly therewith in this court.'' It was clearly within the competency of the court to make such order.

The fact that complainant might have sought to propound its claim and lien by petition in the other cause was not a right exclusive of any other proper method of procedure the court might allow, and the one proposed and allowed was certainly an adequate and proper one, when done by leave. After having filed the bill, with such license, the complainant was entitled to the aid of the court against the attack of its adversaries to eject it from the temple, loaded with the costs of the bill which the court had given it leave to file, and deprive it of the protection of the court. Its bill should have been retained as supplemental to the creditor's bill, to be prosecuted independently or in connection with that case, as the court might in its best discretion direct, and in such manner as to certainly administer and secure whatever rights it had thereunder.—High on Receivers, §§ 138, 139.

The complainant presents a case of superior right, entitling it to payment as soon as it can be done consistently with the rights of others. Mr. Beach lays it down as a just rule, that whenever property, subject to a lien, has been brought within the domain of a court of equity, and a receiver of the property is appointed, whatever profits he gets into his hands will be dedicated, along with the *corpus* of the fund, to the satisfaction of the lien, after paying taxes and the like burdens.— Beach on Receivers, § 301, and authorities there cited.

The court erred in its decree sustaining the demurrer to the bill and taxing complainant with the costs.

Reversed and remanded.