*1831.*

CAROW
*v.*
MOWATT.

*May 14.*

*See In the matter of Burke,* 1. *B. & B.* 74.

---

CAROW, Executor, &c. of MOWATT, deceased, *vs.* MOWATT, Administratrix, &c. of MOWATT, and others.

A new defendant cannot be added to a suit upon a petition: it must be by a supplemental bill.

An administratrix, who has been superseded, will not be allowed to withdraw from a suit in which she is a defendant.

THIS was an application, by a petition, on the part of the public administrator, *Silvanus Miller.* The petition shewed, that the defendant, Martha Mowatt, had been superseded by the Surrogate of the city and county of New York, as administratrix of John E. Mowatt, and that Mr. Miller had been appointed, by the same Surrogate, in her place. It specified an amount of funds which were in the hands of the said Martha Mowatt, as administratrix; suggested that the same should be paid to Silvanus Miller; and prayed, that he might be substituted in her place as a defendant in the above suit.

Mr. *Silvanus Miller,* appeared in support of his petition.

Mr. *Charles G. Troup,* for the defendant, Martha Mowatt,

*May 16.*
*1831.*

*Practice.*
*Public Administrator.*

2

1831.

CAROW
v.
MOWATT.

suggested the willingness of his client to part with the funds in her hands, provided she could do it with safety ; and her desire to be dismissed from her situation as a defendant.

Mr. *John Anthon,* for the complainant, opposed the prayer of the petition: because Martha Mowatt was now liable for her acts as an administratrix ; and, one party could not be thus substituted for another—the first being made a party by the complainant and no relief being prayed for against the proposed new party.

*See Carlisle v. Hardres, Finch, 233. and Davis v. Dee, ib. 243.*

THE VICE-CHANCELLOR:—I think this motion has been rightly opposed by the complainant. Martha Mowatt ought not to be released from any liability she may have incurred as the administratrix of her late husband ; and the complainant is entitled to call her to an account. I have looked into some authorities to see how far the court can substitute one defendant for another in the summary way required by this petition. The case of *Foster* v. *Deacon,* 6 *Madd. C. R.* 58,* is an authority directly in point. The petitioner in that case was the assignee, for a valuable consideration, of the unascertained interest of the defendant, Deacon, and of his wife ; and he prayed to be admitted to take part in the suit as a party defendant. The court permitted the pettiioner to make himself a party by a supplemental bill.

In the case before the court, it appears, that the letters of administration which were granted to Martha Mowatt, have been revoked ; and that Mr. Miller, the petitioner, has now the right in himself. His course, therefore, is by a supplemental bill ; but I think that the complainant should have the preference of filing such a bill. I shall, therefore, order, that the complainant have leave to do so, and thereby make Mr. Miller a party defendant ; but if the complainant shall not file such bill within twenty days, then the petitioner may file it, praying to be admitted a party defendant to the suit. After this is done, some order can be made as to the assets in Martha Mowatt's hands : for the purpose of having them brought into court or transferred to the public administrator. But I shall make no order in this respect, until the supplemental bill is filed.