## Case No. 7,287.

### The JENNY LIND.

[3 Blatchf. 513; [1] 35 Hunt, Mer. Mag. 452.]

Circuit Court, S. D. New York. Sept. 10, 1856.

Dennis McMahon, for libellant.
William J. Haskett, for claimant.

NELSON, Circuit Justice. The default in the payment of one of the instalments due on the mortgage occurred on the 21st of October, 1854. This gave to the mortgagee the right of possession, and happened the day after the levying of the attachment under the libel. It has been urged that, as the claimant had no present right to the possession at the time the vessel was seized, he was improperly allowed to come in and defend. The position cannot be maintained. A party becoming interested in the subject matter of the litigation, after the institution of the suit, may be admitted to come in and protect his interest, if application is made within a reasonable time. This is a common practice, both in the admiralty and equity courts; and it would be very unjust, besides leading to vexatious litigation, were the rule otherwise. The party would necessarily be driven to a cross suit.

It was also urged, that a mortgagee had not such an interest in a vessel, as would authorize him to appear and defend. How this would be, in a case where the right to the possession did not exist, it is not material to determine. In this case, the right of possession existed; and, not only so, but the vessel was reduced to actual possession, and the mortgagee had a right to hold it for the satisfaction of his debt.

It was also urged that, assuming that the mortgagee had the right to come in and defend, for the purpose of protecting his interest, still the libellant has shown a valid lien upon the vessel, which the court should enforce. The Jenny Lind was a domestic vessel, and a lien for the stores depends upon a local law. The statute of New York, giving the lien (2 Rev. St. p. 493, § 2), provides that, if the vessel shall depart from the port at which she was when the debt was contracted, to some other port within the state, the debt shall cease to be a lien at the expiration of twelve days after the day of such departure. During the period within which this account accrued, the Jenny Lind was engaged in the daily transportation of passengers and freight from New York to Haverstraw, touching at Sing Sing and Tarrytown, Westchester county. It has been repeatedly held, that voyages to this extent were departures, within the meaning of the statute; and, if the twelve days elapsed before the libel was filed, the lien ceased.

I think that the decree below, dismissing the libel, was right, and should be affirmed.