## Case No. 358.

ANDERSON et al. v. JACKSONVILLE, P. & M. R. CO. et al.

[2 Woods, 628.][3]

Circuit Court, N. D. Florida. July, 1873.

EQUITY PLEADING — PARTIES — ORIGINAL BILL— CONSENT DECREE—STAY OF PROCEEDINGS.

1. Persons who are not parties to a suit cannot in general file a petition therein for a stay of proceedings, or any other cause. The remedy is by original bill. The exceptions noted.
[Cited in Chester v. Life Ass'n of America, 4 Fed. 489.]

2. Persons belonging to a class represented in the suit, such as mortgage creditors, represented by the trustees of the mortgage, are regarded as quasi parties, and may be heard on petition or motion.

3. Parties who have withdrawn their answer, and consented to a decree cannot afterwards ask to have proceedings on the decree suspended.

4. A consent decree was entered upon the basis of a certain agreement between the parties, by which execution was to be suspended upon certain terms. These terms not being complied with, the execution may be enforced.

5. Petition for a stay of proceedings on execution by persons not parties to the suit, and by other persons who consented to the decree, upon condition that proceedings upon it should be suspended upon certain terms—which were not complied with—dismissed.
[Cited in Chester v. Life Ass'n of America, 4 Fed. 491.]

---

[1][Reported by Elijah Paine, Jr., in 2 Paine, which covers the period from 1827 to 1840. Date of this opinion not given.]

[2][Reversing an unreported decree of the district court.]

[3][Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

[In equity. Hearing at chambers.]

A. S. Sullivan, for petitioners.
H. R. Jackson, for complainants.

BRADLEY, Circuit Justice. On the 2d day of July, 1873, a petition was presented to me at chambers in Washington, D. C., by Mr. Sullivan, on behalf of the state of Florida, the trustees of the internal improvement fund of the state of Florida, the Jacksonville, Pensacola & Mobile Railroad Co., and Milton S. Littlefield, praying for a stay of the sale of the road and franchises of said company, advertised by the marshal to be made on the 7th of July inst., under the decree and decretal orders heretofore rendered in this suit.

Mr. Jackson, for the complainants, objected to the application being heard, first, on the ground that a justice of the supreme court is prohibited by the 7th section of the "act to further the administration of justice," approved June 1, 1872, from entertaining an application for an injunction or for a restraining order out of his circuit; secondly, that the governor of the state, being made a defendant as one of the trustees of the improvement fund ex officio, pleaded to the jurisdiction of the court on the ground that a suit would not lie in this court against a state, and on that plea the complainants voluntarily dismissed the bill as to said governor, and in like manner dismissed the same as to the comptroller of the state—so that the state and the trustees of the internal improvement fund had expressly declined to be parties in the case, and had no standing to be heard therein; thirdly, if it should be decided to hear the application, the complainant desired to present affidavits to show that delay of the sale would be highly prejudicial to the complainants and the public. The first point of objection I overruled for the reasons already stated in the case of Searles v. Jacksonville, P. & M. R. Co., [Case No. 12,586.] The second is of a more serious character. The objection, in substance, is this: that persons who are not parties to a suit, have no standing in court to enable them to file a petition in said suit. If they have occasion to ask any relief in relation to the matters involved in said suit, or to the proceedings therein, they must file an original bill. This is undoubtedly the general rule. Strangers to a cause cannot be heard therein either by petition or motion, except in certain cases arising from necessity, as where the pleadings contain scandal against a stranger, or where a stranger purchases the subject of litigation pending the suit, and the like. Daniell, Ch. Pr. 357, 1080; [Toosey v. Burchell,] Jac. 159; [Bozon v. Bolland,] 1 Russ. & M. 69. Creditors who are allowed to prove debts, and persons belonging to a class on whose behalf a suit is brought, are regarded as quasi parties, and of course may have a standing in court. But in this case, the state of Florida and the trustees of the internal improvement fund, being strangers to the suit, and not occupying any such relation thereto at the present time as to entitle them to intervene, and therefore not being bound by what is decreed or done in the suit, they cannot be received or heard on petition for a stay of proceedings therein. It would be a source of great hardship if persons not parties were allowed thus to come in and interfere. I say nothing here of the expediency or inexpediency of proceeding in the cause without making the trustees of the internal improvement fund parties, and without invoking the intervention of the state; that is a matter which more particularly concerns the plaintiffs; and if any failure to make proper parties should be found to render the proceedings of less value, they must abide the consequences. The only manner in which the state or the trustees can interfere with the proceedings is by original bill. The allegation that they intend to file such a bill is not sufficient.

The other parties to the petition, namely, the Jacksonville, Pensacola & Mobile Railroad Company and M. S. Littlefield, are parties to the suit, and to them the above objection does not apply. They are capable of filing a petition in the cause, and if the case were a proper one for the interference of the court, perhaps the petition might be amended by striking out the names of their copetitioners. But the case made by the petition, and the admitted facts, are not sufficient, as it seems to me, to authorize an interference with the proceedings. The railroad company and Littlefield cannot now ask for any alteration of the decree. They virtually consented to its terms, and withdrew all defense which they had set up in the cause. They have applied for a rehearing, and it has been denied after full argument. The decree, as above said, was essentially a consent decree. It was made upon terms, and those terms were fully expressed in an agreement between the parties, dated the 20th of December last. By that agreement the complainants were to discontinue certain other suits—one in the state court of chancery in Jefferson county, Florida, in which a receiver had been appointed, and one in this court, sitting at Tallahassee—and were not to press execution on the decree if the defendants made the payments next referred to. The defendants were to pay ten thousand dollars within thirty days from the date of the agreement, and ten thousand dollars every thirty days thereafter until the whole debt was paid and satisfied; and if default was made, the complainants were to wait ninety days after such default before making seizure and sale of the property.

The defendants, the railroad company and Littlefield, if they have any ground at all for a stay of proceedings, must found it upon this agreement. They allege that the com-

plainants, through the marshal, are proceeding to a sale of the property against the equity of their agreement. The facts seem to be that the complainants complied with the agreement on their part, by discontinuing the suits referred to; but that the defendants did not pay the first installment of ten thousand dollars until the 15th of February (whereas it should have been paid on the 19th of January), and have not paid any of the other installments. The defendants say that the complainants consented to the delay of the first installment, not having themselves discontinued their suits immediately, and thereby having delayed the defendants in obtaining possession of the property. The complainants admit that they accepted the first payment, but insist that they did not waive the payment of the succeeding installments. This is not controverted, and I do not see, therefore, what ground of equity the defendants have for staying the proceedings for sale. The second installment was due on the 18th of February, and the others at successive intervals of thirty days thereafter, and none of them were paid. The ninety days' indulgence which the complainants agreed to give expired on the 19th of May. The sale was advertised for the 7th of July. But the defendants do not even tender or offer to pay the installments which have fallen due. The petition is not based on any such ground as that of a desire or willingness to comply with the substance of the agreement. It is based rather on alleged equities of the state, and on the charge that the complainants have violated the agreement made on December 20th last.

Being of opinion that the complainants, as against the said defendants, have a right to proceed with the execution and sale, and that the defendants have shown no good reason for restraining them, I must deny the application for injunction.