FRANK M. STRETCH and others *vs.* AARON STRETCH.

October Term, 1874.

PRACTICE—DEFENDANT—PETITION.—Except by statute, no such practice is known in equity as making a person a defendant upon his own application, without the consent of the complainant.

SAME—CODE, § 2799.—A person who applies to be made a defendant to a suit in equity for the recovery of property, under the Code, § 2799, must show an interest in the property sued for.

*Jno. A. Campbell,* for petitioners.
*Thos. H. Malone,* for complainant.

THE CHANCELLOR :—J. M. Speer and J. & L. Whorley have ¨presented a petition in this case asking that they be made parties defendant, with leave to make defence by demurrer, plea, ·or answer, and by cross-bill. The petition states that the bill is filed for the purpose of setting up a resulting trust in favor of the wife of the defendant, Aaron Stretch, in a stock ·of drugs and other merchandise, then being retailed by the ·defendant in a store in Nashville. The ground upon which ¨the equity of the bill rests is that the stock was bought by the defendant with funds held by him in trust for his wife, the complainant. The petitioners say they are cred- ¨itors of the defendant, by note and open account for merchandise in the line of his trade sold to him by them, ·respectively. They further say "they do not believe that Stretch [the defendant] purchased the stock of merchan- ·dise on hand before the filing of said bill with the ¨moneys or means of Mrs. Stretch, his wife. They believe

the bill was filed for a fraudulent purpose, and, advised by Stretch, to hinder and delay creditors, if not to defeat them entirely.'' The petition shows that the stock was attached under the bill, and is now in the hands of a receiver appointed by this court. Petitioners '' claim that they have equities in said merchandise,'' and say that, '' as to whether said Stretch's wife has any equitable or legal claim against him, they know nothing.''

The question presented by this application is whether this court has the right, upon the petition of third persons claiming '' equities '' in property in litigation, to permit them to become defendants without the consent of the complainant, and, if the court has such power in any case, whether this is a proper case for the exercise thereof.

The general rule of chancery pleading is that no person should be made a party defendant who claims under a title paramount to that brought forward in the suit, or who claims under a prior title or encumbrance. *Eagle Fire Ins. Co. v. Lent,* 6 Paige, 635 ; *Lange* v. *Jones,* 5 Leigh, 192 ; Story's Eq. Pl. § 230. And when a third person claims under, or in privity with, one of the parties litigant, the mode of bringing his interest before the court is by a supplemental bill, or an original bill in the nature of a supplemental bill. Story's Eq. Pl. § 156. It cannot be done by petition. *Foster* v. *Deacon,* 6 Madd. 59 ; *Carow* v. *Mowatt,* 2 Edw. 9.

Where there is no privity, a stranger interested in the subject-matter or objects of the suit must bring forward his claim by an original bill, in the nature of a supplemental bill or in the nature of a cross-bill, as the case may be, so that those interested adversely may have process with a copy of the bill served upon them, and may have an opportunity to avail themselves of the regular modes of defence to such bill. Any other practice would be inconsistent with the fundamental principle of equity—that a person who is to be bound by its decree must have the opportunity to be heard upon an issue regularly made with his adversary. To make a new defendant to a bill, claiming in a right not noticed by

the bill, would throw the rules of chancery pleading into utter confusion, for it would be to try rights without any issue between the parties.

The only exception to the general rule is in the case of trustees and their beneficiaries. "If," says Judge Story, Eq. Pl. § 208, "the *cestuis que trust* (or beneficiaries) should not be made parties to the suit, and their interests are apparent, a court of equity will sometimes, as a matter of indulgence, and to prevent further delay and expense, allow them (if they wish) to bring forward their claims by petition, in order to have their interests ascertained and their rights protected." He cites *Drew* v. *Harman*, 5 Price, 319, 324. The reason of this exception is obvious. The trustee fully represents the beneficiaries, as between them and the opposing party, and, if the trust distinctly appears of record, there can be little objection to the summary remedy by petition as between the trustee and his *cestuis que trust*. But, even in this extreme case, the remedy by petition is "a matter of indulgence," not of right, and the remedy by original bill in the nature of a cross-bill clear and beyond question. Story's Eq. Pl. § 208. It was upon this exception, however, and the authority of Judge Story in the section cited, that our supreme court made the ruling in *Birdsong* v. *Birdsong*, 2 Head, 289, 302, although the same point had been ruled otherwise in *Morris* v. *Nixon*, 7 Humph. 584. The case of *Saylors* v. *Saylors*, 3 Heisk. 533, is similar to, and based upon, *Birdsong* v. *Birdsong*.

There are cases in the books where the courts have gone further, and, upon the petition of a stranger, permitted him to intervene as a defendant, *no objection having been made by the complainant*. Such were the cases of *Galveston R. R. Co.* v. *Cowdrey*, 11 Wall. 459, 464; *Banks* v. *Banks*, 2 Coldw. 546, 548; and *Wilson* v. *Eifler*, 7 Coldw. 33. Such, also, was the case of *Hill* v. *Bowers*, 4 Heisk. 273. For, although the printed opinion states that the stranger was permitted to intervene "without objection by *defendant*," yet, as there were several defendants and only

one complainant, and as the word " defendant " occurs in the next preceding line, and as there would be no point in the defendant objecting, it seems almost certain that the word " defendant," as printed, is a misprint for the word " complainant." In *Read* v. *Long*, 4 Yerg. 71, parties were made defendant over the objection of the complainant, but the action was not passed upon by the supreme court. Upon general principles, therefore, my predecessor on the bench ruled, in the case of *Stevenson & May* v. *Nashville & Northwestern R. R. Co.*, against such intervention. The bill in that case was filed by the complainants, as holders of some of the mortgage bonds of the railroad company, " as well for themselves as for all other holders of such bonds," to foreclose the mortgage. The petitioners who sought to intervene were also holders of some of the mortgage bonds, and made their application in that character to resist the foreclosure. The Chancellor laid some stress on the fact that they were already virtually parties to the suit as complainants, and could not be permitted to change their place at pleasure. But he was also of opinion that the complainants could not, in this mode, as a general rule, be compelled to litigate with persons as defendants, contrary to their wishes.

I have myself, in two or three instances, upon principle and authority, ruled against the right to intervene in this mode, and, upon reconsideration, see no reason to doubt the correctness of my ruling. No such practice is known in equity as making a person a defendant to a suit on his own application. See *Coleman* v. *Martin*, 6 Blatchf. 119 ; *Shields* v. *Barrow*, 17 How. 145 ; *Drake* v. *Goodridge*, 6 Blatchf. 151.

The learned counsel of the petitioners, without controverting the correctness of these rulings, bases his application exclusively upon § 2799 of the Code, insisting that by it the law has been changed. There can, of course, be no doubt of the power of the legislature to intervene and radically change the practice of this court. That has

been done by § 2373 of the Code, in the case of insolvent estates, the creditor being required thereby, and by other provisions of law on the subject, to make himself an actual party defendant, instead of a *quasi* party, according to the English practice. This is done by petition, as held by the supreme court in *Reid* v. *Huff*, 9 Humph. 358. And this fact has, no doubt, tended to render the practice of our courts loose upon the question of intervention.

The section of the Code above relied on, 2799, reads as follows: "In actions for the recovery of property, any person not a party thereto, on showing himself interested in the subject-matter of the suit, may be allowed to appear as defendant therein." The argument is that, this section being contained in that title of the Code which treats of civil actions, it applies to a civil action in chancery as well as to a civil action at law. And it must be admitted the argument is not without weight, in view of the fact that there are many provisions of this title, both of general law and of practice, which are equally as obligatory upon the courts of chancery as upon courts of law. The provisions touching the limitation of actions, the abatement of actions, and the amendment of actions are of this character. Moreover, the supreme court has decided that § 2934 of this title, which abolishes general demurrers, although it occurs in the very midst of provisions obviously applicable only to pleadings at law, is binding upon the court of chancery. *Kirkman* v. *Snodgrass*, 3 Head, 370. It is apparent, therefore, that we are somewhat at sea as to what specific sections of this title are applicable to this court. Each section, it seems, must be construed, on this point, upon general principles, without reference to the fact that the civil actions treated of are only actions at law.

Under these circumstances my own inclination would have been to hold that § 2799 applies only to a court of law, because it is only in a court of law that the pleadings are of such a character as to admit of intervention by third persons as defendants, without necessarily requiring

a change of the plaintiff's pleading in order to make an issue with the new party. It would be altogether an exceptional case where this could be done in equity without necessitating a redrafting of the bill, or abandoning the first principle of chancery pleading.

But I was aware, when this application was made, that our supreme court had made a ruling upon the point, although the fact seems to have escaped the industry of the learned counsel for the petitioners, and I, therefore, suggested that I would hear argument upon, and consider, the point. That ruling of the supreme court was made in the case of *Hill* v. *Bowers*, 4 Heisk. 275, already referred to. That was a petition for dower, filed in the county court by the widow of an intestate against his heirs. The intervention was by a third person, claiming by paramount title under the assignee in bankruptcy of the intestate, by assignment made in his life-time. The permission to intervene was made, as we have seen, without objection, but, in the supreme court, exception seems to have been taken to the act. "The Code," says the learned judge who delivers the opinion, "authorizes the court to permit any one having an interest in the property sought to be recovered in a pending suit to become a party defendant therein." And they hold that there was no error in permitting the intervention in this case. The provision of the Code alluded to by the learned judge is not mentioned, but there can be no doubt from the substance of it, as given, that the section under consideration was the one intended. This ruling is, of course, binding upon me, and, although the particular case originated in the county court, it was clearly a proceeding in the nature of a suit in equity. I must take it, therefore, that the provision in question is as applicable to the courts of chancery as to courts of law.

It remains to be considered whether the case made by the petition comes within the purview of the section. The statute, it will be recollected, allows intervention in actions for the recovery of property, on the applicant "showing

himself interested in the subject-matter of the suit." As applicable to an action at law, this provision could only be relied on where the applicant shows an interest in the property sued for. In other words, the section is operative only when property is sought to be recovered, and the person seeking to intervene shows he has an interest in the property itself. A suit at law must be based upon a legal title, and the interest claimed by the intervenor ought to be such as would entitle him to resist the right of the plaintiff. The statute can scarcely have any different or wider scope in equity. The construction ought to be the same in both courts. Whether a bill filed to set up a resulting trust would be an action for the recovery of property, within the meaning of the statute, might be doubtful; but, conceding it to be so, the applicant ought certainly to show an interest in the property itself. But these petitioners do not show either a *jus in re* or a *jus ad rem*. There is neither title to the property nor a lien upon it. All that they say is that they believe the property belongs to the defendant in the suit, and that they have " equities " in it. Upon the face of the petition, even if we treat " belief" of a fact as equivalent to an averment of the fact believed, they have neither a legal nor an equitable interest in the property. They may be in a condition to acquire a lien thereon, but they have not done so, nor can they, without exhausting their remedy at law by judgment and execution, or by suing out an attachment, which can only be done by positive allegations not contained in the petition, and by giving bond and security as required by law. To allow them to assert such a right, by intervening as a defendant, would be to give them the benefit of an attachment without the prerequisites of the law. It need scarcely be said that the rights of the petitioners will not be in the least affected by anything which may be done in this case if, as they allege, the proceedings are collusive. And the petitioners are entitled to assert their claim against the property, upon a proper showing, although it be in the custody of the court.

The application must be disallowed.