Chester *v.* The Life Ass'n of America and others.

(*Circuit Court, W. D. Tennessee.* ——, 1880.)

1. EQUITY PRACTICE—NEW PARTIES—REVIVOR.—A bill having become defective by the dissolution of a defendant corporation, it is proper practice for the plaintiff to bring in the statutory assignee by a supplemental bill in the nature of a bill of revivor.

2. SAME — PETITION TO BECOME A DEFENDANT.—The assignee of an insolvent and dissolved defendant corporation cannot, upon his own petition, become a defendant against the consent of the plaintiff, where his only interest is to effect a dissolution of an injunction.

**3.** INJUNCTION—WHERE THE DEFENDANT CORPORATION BECOMES EXTINCT—HOW DISSOLVED.—When a defendant corporation becomes dissolved, its assignee may, upon motion or petition, obtain a rule to have an injunction against it dissolved, unless the plaintiff shall, within a specified time, revive the suit against the assignee; but he cannot by petition become a defendant, and proceed to hearing on the record, without the plaintiff's consent. He has no such interest as authorizes him to revive and continue the suit, where a dissolution of the injunction is the only object of the proposed revivor by him.

**4.** EQUITY PRACTICE—NEW PARTIES—APPLICATION TO BECOME—RULE AND EXCEPTIONS.—The general rule, that no one will be admitted as a party against the consent of the plaintiff, has certain exceptions, which are stated, and their application to the case in judgment denied.

*Wright, Folkes & Wright,* for petitioner.
*Heiskell & Heiskell,* for plaintiff.

HAMMOND, D. J. This is a bill for the rescission of a contract or for an account, as the right may appear, and the defendant company is under an injunction restraining it from selling, under a deed of trust, the lands of the plaintiff to secure a debt due the company. The parties being at issue and the cause ready for trial, one William S. Relfe presents his petition, stating that the insurance company, having become insolvent, has been, by a decree of the proper court in Missouri, dissolved; and that he, by operation of law and the said decree, has become invested with the right to all its assets, including the debt due by the plaintiff, and has been charged with the duty of collecting them. He asks to be made a party defendant, and to proceed to trial without delay, so that the injunction may be dissolved and he allowed to enforce the trust. The plaintiff, on the other hand, presents a supplemental bill setting up the same facts, and asks leave to file it against Relfe, and thereby to revive the suit, and resists the application of the petitioner to become a defendant on his own motion.

The loose practice condemned by Chancellor Cooper in the case of *Stretch* v. *Stretch,* 2 Tenn. Ch. 140, and supposed by him not to be authorized by the Tennessee Code or the supreme court, has created a very general confusion on the subject of bringing in new parties to a chancery suit in the

state courts, from which this court is not entirely exempt, because of the difficulty experienced of abandoning a habit of practice acquired in one court when coming into the other. The learned counsel for the petitioner here insists that this application is supported by the English cases, and frequent recognitions by the federal courts, and I have taken this occasion to examine the subject with a view to ascertain the proper practice. There can be no doubt whatever that Relfe's interest is of that character which renders it necessary for the plaintiff to bring him in as a party, and that without his presence as a defendant the suit could not proceed. There has been a devolution of interest by operation of law, but he does not occupy the attitude of a purchaser *pendente lite*, to be brought in .or not at the election of the plaintiff. He *represents* the company, as well as owns its title, and he alone, the company being dissolved, can account for it, if an account shall be necessary.

The case comes, therefore, precisely within the category provided for by equity rule 57, and under all the authorities the plaintiff cannot proceed without a supplemental bill in the nature of a bill of revivor. *Kennedy* v. *Georgia Bank*, 8 How. 586, 610; *Clarke* v. *Matthewson*, 12 Pet. 164; *Justice* v. *McBroom*, 1 Lea, 555, at page 558; *Northman* v. *Insurance Co.* 1 Tenn. Ch. 317; *Stretch* v. *Stretch*, 2 Tenn. Ch. 140; *Steele* v. *Taylor*, 1 Minn. 274; *Slack* v. *Walcott*, 3 Mason, 508; *Anderson* v. *Railroad*, 2 Woods, 628; 2 Danl. Ch. Pr. (5th Ed.) *c.* 33, p. 1506 *et seq.*

But the court has no power to compel the plaintiff to revive. He may file a new bill, if he choose, or never revive. He might, I take it, go to Missouri, and file his bill there against Relfe. *Thompson* v. *Hill*, 5 Yerg. 418; *Spencer* v. *Wray*, 1 Ver. 463; *Anon.* 3 Atk. 486.

This would seem a sufficient reason for not allowing the petitioner, against the consent of the plaintiff, to become a defendant to this suit, were it not manifest that he has an interest in ending this suit, at least, so far as to procure a dissolution of the injunction, which restrains him from realizing his debt by a sale of his security. This is, it seems to

me, all the interest he has in pressing a trial after the suit has become so defective that it can never proceed against him without a revivor. There are, undoubtedly, cases—generally, those where a decree has been rendered and there has subsequently been a change of parties—in which *the defendant himself or his representative* may revive a suit by supplemental *bill* in cases of strict revivor, or by original bill in the nature of a supplemental bill in other cases; but he cannot do this by *petition* or *motion*. *Thompson* v. *Hill, supra*; 2 Danl. Ch. Pr. (5th Ed.) 1539, and notes.

But where the only interest of the representative is to dissolve an injunction, which is this case, he does not proceed by a bill to revive. 2 Danl. Ch. Pr. 1539, at note 8. It is said he must proceed in the ordinary way to procure a dissolution of the injunction, and I find that to be by motion for a rule that the injunction stand dissolved, unless the plaintiff shall within a short time, usually 12 days, file his supplemental bill or bill of revivor. Kerr, Inj. 633, and cases; 2 Danl. Ch. Pr. (5th Ed.) 1539, note 7 and cases; Id. 1544, note 1 and cases; Id. 1679, note 5 and cases; *Thompson* v. *Hill*, and cases cited. This furnishes the defendant here a sufficient remedy to get rid of the injunction, and I have no doubt his petition could be entertained for that purpose; for whatever one may do by motion he may do by petition, and it is proper to file one wherever intricate facts are to be stated as a basis of the motion. 2 Danl. Ch. Pr. 1592, 1603. But that is not the purpose for which this petition is offered, and if it were it would be dismissed, in the face of an application by the plaintiff to file his supplemental bill. Even where the defendant may file a supplemental bill preference will be given to the application of the plaintiff to file *his* supplemental bill. *Carow* v. *Mowatt*, 1 Edw. Ch. 9.

The case most relied on by the learned counsel for the petitioner is *White* v. *Hall*, 1 Russ. & Myl. 332. But see *Bozon* v. *Bolland*, Id. 69. He also relies on *Young* v. *Everest*, Id. 426. In the first case the father, who was named as one of the executors in the will, was out of the jurisdiction when the bill was filed, and, it being a bill against the executors, he was

allowed to become a party on his own application. In the other case the stranger to the record did not become a party, but appeared to protect his interest in the distribution of a fund in a case where, before decree, he might have become a *quasi* party by petition. Both of these cases fall within the exception mentioned by Mr. Justice Bradley in *Anderson* v. *The Railroad, supra*; 2 Woods, 628, 630; Danl. Ch. Pr. 540, note 1, and cases; Id. 153, and notes; Id. 281, and notes 7–9; Id. 287, note 2; Id. 1506 *et seq.* And see *Barribeau* v. *Brant,* 17 How. 43, 46; *Ransom* v. *Davis*, 18 How. 295.

Mr. Chancellor Cooper says, in his note to Daniell, that "no such practice is known in equity as making a person a defendant upon his own application, over the objection of the complainant." 2 Danl. 287, note 2. And in *Stretch* v. *Stretch, supra,* he mentions as the only exception the case of trustees and beneficiaries. Mr. Justice Bradley, in *Anderson* v. *The Railroad, supra,* adverts to other exceptions which he mentions, such as scandal against a stranger, or where he is a purchaser *pendente lite,* where the applicants are creditors allowed to prove their debts, or they are persons belonging to a class for or against whom a suit is brought. I have examined a good many of the cases cited in the authorities already mentioned, and think that this case falls within none of these exceptions. I have already endeavored to show why Relfe cannot revive the suit as one upon whom the representation and title of the defendant company have devolved by law, and what his proper remedy is to dissolve the injunction —the only object he can have in a revivor in his own behalf.

The exceptions may be divided into three classes, leaving out those where the stranger to the record may appear for scandal: *First,* where the person applying has been named in the bill as a party, and, not being served with process, comes within the jurisdiction and offers to become a party; *second,* where he represents a party whose interest has been transmitted by death or devolution by operation of law, and the case is one that requires him to be received as a party; *third,* where the bill has been filed for or against a class, in which case, if the petitioner belongs to the class, he may

become an actual or *quasi* party, as may be necessary to protect his interest. Several cases are cited where a stranger, not within these exceptions, has been allowed, upon his own petition, to become a party; but it will be found, I think, that no objection was taken. *Galveston* v. *Cowdrey*, 11 Wall. 459; *Ex parte Railroad Co.* 95 U. S. 221.

In this last case the stranger came in by petition, was made a defendant, and filed an answer and a cross-bill. Pending the suit this defendant assigned its interest, and the question involved was whether after the assignment the cross-bill could proceed in the name of the *assignor*, and it was held that it could. The court says that "an assignee *pendente lite* may, at his own election, come in by *appropriate application* and make himself a party, so as to assume the burdens of litigation in his own name, or he may act in the name of his assignor." And in the *Jenny Lind*, 3 Blatchf. 513, the court says that it is a common practice in admiralty and equity to allow persons interested in the subject-matter to come in and protect their interests. I do not think these cases are against the positions assumed in this opinion, if it be remembered that in proceedings *in rem* the persons interested in the *res* are all admitted, on the principle that they belong to a class for or against whom the proceedings are taken. And, in the case of the railroad company, the court did not discuss or have occasion to determine whether the stranger who came in without objection had a right to come if objection had been made, nor whether the assignee *pendente lite* could have come in by petition.

Other cases have decided against the right of the stranger to come in by petition, where the question was made, as we have already seen. *Coleman* v. *Martin*, 6 Blatchf. 119; *Drake* v. *Goodridge*, Id. 151; *Foster* v. *Deacon*, 6 Madd. 44.

The petition of Relfe will be dismissed, and the plaintiff has leave to file his supplemental bill.