| 78 | 311 |
|----|-----|
| 94 | 318 |
| 94 | 356 |
| 78 | 311 |
| 95 | 337 |
| 78 | 311 |
| 102 | 263 |
| 78 | 311 |
| 118 | 174 |

# Renfro Bros. *v.* Goetter, Weil & Co.

*Bill in Equity for Foreclosure of Mortgage; Petition and Cross-Bill to set aside for Fraud.*

1. *Petition; when proper.*—A petition, ordinarily, is a proper proceeding by a party to a pending suit, for some order or direction therein, touching the matter in controversy, or preliminary to the preparation of the cause.

2. *Same; when inappropriate.*—A petition is inappropriate, when a stranger to the suit desires to present new claims, and raise new issues, not involved in the original cause, though concerning the same subject-matter. Whatever may be his claim, he can not intervene by petition, for the purpose of defeating the entire suit, and reaping the proceeds of property brought into court by a bill, after its dismissal on his defense.

3. *Party defendant; can not be made on his own application.*—In the absence of a statute or rule, a court of equity can not, on the application of a stranger, make him a party defendant to a pending suit, without the consent of the complainant, for the purpose of allowing such party to litigate with complainant his right or title to any relief whatever. A party can not be made a defendant on his own application.

4. *Parties defendant; proper practice as to.*—Generally, a complainant may elect with whom he will litigate, under the rules governing proper and necessary parties. But whenever, during the progress of the cause, it is made known to the court that an absent person is a necessary party, in order that an effective decree may be rendered, or that a decree can not be rendered without affecting the rights of such person, it is competent for the court to order that the complainant amend so as to make him a party, and, refusing, to dismiss the bill; but the court can not make a party, without action taken by the complainant.

5. *Stranger to suit; how must present his claim as to subject-matter in litigation.*—When a person, not a party to a pending suit, between whom and the complainant there is no privity, but who has a claim or lien on the property,—a new and independent claim,—or who is interested in the subject-matter of the suit, desires, for his own protection, to present his claims, and raise new issues, he must do so by formal bill, containing appropriate allegations—an original bill in the nature of a cross-bill, or of a supplemental bill, as the case may authorize.

6. *Mortgage; when fraudulent as against creditors.*—When mortgagors are allowed to retain possession of property, until the law-day, with an implied power of sale, the mortgage tending to effectually shield the property for the joint benefit of mortgagor and mortgagee, it is fraudulent as against creditors.

7. *Cross-bill; by whom filed.*—A cross-bill can be filed only by a party to the suit, and when the right to file the cross-bill is founded on an invalid order, it must fall with the order; it can not be the basis of relief, nor be treated as an original bill in the nature of a cross-bill,

[Renfro Bros. v. Goetter, Weil & Co.]

APPEAL from the Chancery Court of Lee.
Heard before the Hon. N. S. GRAHAM.

J. M. CHILTON, and GEO. P. HARRISON, JR., for appellants. The purpose of the original bill was to foreclose a mortgage, and Crumley Brothers were the only defendants. The object of the petition is to defeat the entire proceedings, on the assertion of their invalidity, and to have the fruits of the illegal proceedings accounted for to the petitioners. The general rule requiring all parties interested to be made parties to the suit is confined to the interest involved in the issue, and which will be necessarily affected by the decree.—1 Dan. Ch. Prac. 190, note 5, and authorities there cited; Story's Eq. Plead. § 72. Can any good reason be given, why Renfro Bros. should be compelled to litigate the issue of fraud *vel non* with the same creditor, in the same court, at the same time? If compelled to do so, would it not be a departure from the salutary principles, not only prevailing in courts of equity, but which are recognized by the rigid rules of the common law.—1 Brick. Dig. p. 683, §§ 635 *et seq.*; *Gilman v. R. R. Co.*, 72 Ala. 576; *Foster v. Napier*, 73 Ala. 595. The demurrers to the cross-bill should have been sustained. No one but a defendant to the original bill may file a cross-bill; and even then, the relief prayed must grow out of the subject-matter of the bill.—*Nelson v. Dunn*, 15 Ala. 501; *Andrews v. Hobson*, 23 Ala. 239; *Winn v. Dillard*, 60 Ala. 374; *Davis v. Cook*, 65 Ala. 622; *Grimball v. Patton*, 70 Ala. 637; *Tutwiler v. Dunlap*, 71 Ala. 126.

W. H. BARNES, *contra.*—Under the facts in this case, the petition and cross-bill of Goetter, Weil & Co. were properly allowed. The funds of the debtor were in the hands of the court, and it was the duty and right of the court to distribute them, as the rights of the various parties required. As to what a cross-bill is, and what relief may be had under it, see Code of 1876, § 3801; *Davis v. Cook*, 65 Ala. 617.

CLOPTON, J.—The bill was brought by the surviving partners of Renfro Bros., for the foreclosure of a mortgage on a stock of merchandise, executed by Crumley Bros. December 25, 1878. The mortgagors were the only defendants. On the day of the filing of the bill, a receiver was appointed by consent, who, under the order of the register, took possession, and proceeded to sell and dispose of the goods. Goetter, Weil & Co. and others applied by petition, during the progress of the cause, to be admitted as defendants, "for the purpose of defending against the said pretended claim of Renfro Bros., and the unjust proceedings in which they are engaged." The

petition alleges, that the petitioners were creditors of Crumley Bros., prior to, and at the time of the making of the mortgage, and also facts on which the mortgage is assailed as fraudulent. The chancellor made an order on the petition, against the objection of the complainants, allowing the petitioning creditors to come in, and defend against the bill, "by answer, plea, or demurrer, as they may be respectively advised it is necessary and proper to do, under the rules and practice of this court, to the same extent as if they had been formally made defendants in the original bill, by subpœna or publication." Thereupon, the petitioners filed a demurrer to the bill, and afterwards they filed an answer and cross-bill, which alleges substantially the same facts contained in the petition, but more *in extenso*, and more explicitly. The cross-bill, to which the mortgagees and mortgagors were made defendants, prays that the mortgage be declared fraudulent as against the complainants in the cross-bill, and that the effects in the hands of the receiver be applied to the payment of their claims.

A petition, ordinarily, is a proper proceeding by a party to a pending suit, for some order or direction therein, touching the matter in controversy, or preliminary to the preparation of the cause. But it is inappropriate, when a stranger to the suit desires to present new claims, and raise new issues, not involved in the original cause, though in respect to the subject-matter of the suit. The purpose of the petition of the creditors was, however, not to present their claims, and have them determined as on petition, but that they be admitted as defendants for the purpose of asserting their rights and the invalidity of the mortgage.

In the absence of statute or rule, a court of equity can not, on the application of a stranger, make him a party to a pending suit, without the consent of the complainant, for the purpose of allowing such party to litigate with complainant his right or title to any relief whatever. In *Stretch v. Stretch*, 2 Tenn. Ch. R. 140, a bill was filed to have a trust declared in stock, which, it was alleged, was purchased by the defendant with funds held by him in trust for his wife, the complainant. Certain creditors of the defendant made application by petition to be admitted as parties defendants, with leave to make defense by demurrer, plea or answer, and by cross-bill, alleging that the bill was brought for a fraudulent purpose, and was advised by the defendant to hinder and delay, if not to defeat his creditors. Chancellor Cooper disallowed the application, and, after reviewing the authorities, observed : "I have myself, in two or three instances, upon principle and authority, ruled against the right to intervene in this mode, and upon reconsideration see no reason to doubt the correctness of my ruling.

No such practice is known in equity, as making a person a defendant to a suit on his own application."—*Drake v. Goodridge*, 6 Blatch. 151. A person, not a party to the suit, whatever may be his claim on the property involved, can not intervene by petition, and be made a defendant, against the objection of the complainant, for the purpose of defeating his entire suit, and reaping the proceeds of property brought into court by a bill, after its dismissal on his defense.

Generally, a complainant may elect whom he will make parties, and with whom he will litigate, under the rules governing proper and necessary parties. Whenever, during the progress of the cause, it is disclosed or made known that an absent person is a necessary party in order that an effective decree may be rendered, or that a decree can not be rendered without affecting such person's rights, it is competent for the court to order that the complainant amend so as to make him a party, and, on failure or refusal, to dismiss his bill; but the court can not make a party, without action taken by the complainant. When a person, not a party to a pending suit, between whom and the complainant there is no privity, but who has a claim or lien on the property,—a new and independent claim,—or is interested in the subject-matter of the suit, desires, for his own protection, to present his new claim, to assert his independent rights, and raise new issues, he must do so by a formal bill, containing appropriate allegations—an original bill in the nature of a cross-bill, or of a supplemental bill, as the case may authorize.—*Cowles & Ledyard v. Andrews*, 39 Ala. 125; *Caron v. Mowatt*, 1 Edw. Ch. 9; *Anderson v. J. P. & M. R. R. Co.*, 2 Woods, 628; *Stretch v. Stretch, supra*.

It appears from the record, that Benedict, Hall & Co. and others, who were creditors of Crumley Bros., filed a creditors' bill, four days after the filing of the present bill, in which are alleged substantially the same facts as set forth in the cross-bill. The mortgagors, the complainants in the present suit, and two creditors, complainants in the cross-bill, who had caused attachments to be issued and levied on the mortgaged goods before either bill was filed, were made defendants. The bill prays, among other things, that such orders be made as will require the receiver appointed under the first bill to sell the goods in the usual course of trade, and bring the proceeds into court to abide the orders of the court on a final hearing; that the mortgage be declared fraudulent, and that the claims of complainants be paid out of the proceeds of sale. On an appeal in this case, the validity of the mortgage was considered. 75 Ala. 121. It was held, that, by clear implication, the mortgagors retained possession of the property until the law-day, with an implied power of sale; and that the mortgage, tending

effectually to shield the property for the joint benefit of the mortgagors and mortgagees, is fraudulent as against creditors. To this conclusion we adhere; and being, therefore, unable to see any benefit to accrue from litigation longer protracted, when this must be the result, we have considered the feasibility of avoiding a reversal. But the chancellor dismissed the original bill, and retained the cross-bill for further proceedings and future relief to the complainants therein. A cross-bill can be filed only by a party to the suit; and as the right of the creditors to bring the cross-bill is founded on an invalid order, it must fall with the order. It can not be the basis of any relief. We can not, on principle, consider and treat it as an original bill in the nature of a cross-bill.

We may remark, that the necessity of another bill is removed by the pendency of the bill brought by Benedict, Hall & Co. and others. All the relief which the creditors need may be obtained in that suit, to which they may all become parties, and in which the assets may be marshalled. We have no doubt, that on a proper application, the chancellor will regard it as his duty to consolidate the cases, and make the receivership applicable to each, as conducive to the interests, and protective of the rights of all parties.

Reversed and remanded.