## WHITE et al. v. VAN LEUVEN.

No. 20039. Opinion Filed Nov. 18, 1930.

Rehearing Denied Dec. 16, 1930.

M. R. Lively, for plaintiffs in error.

Kathryn Van Leuven, for defendant in error.

BENNETT, C. The defendant in error, Kathryn Van Leuven, filed an application in the case of Otis White v. James Cameron et al., No. 14550, then pending in the district court of Okmulgee county, for the determination and recovery of fees due her for legal services performed for Harwood Keaton, receiver. Evidence was received in support of and in denial of the application. Upon final consideration the court found that the applicant was entitled to attorney's fees in three causes, and adjudged in her behalf and against the receiver a recovery of $750. Certain interveners, to wit, Calvert, Folmer, Sinfield, and Pruitt, were made parties to the proceeding upon the ground that they were interested in the property under receivership, and they being dissatisfied with the court's decision appealed to this court for review. Was the allowance proper?

Kathryn Van Leuven will be referred to as plaintiff, and the receiver and the interveners will be referred to as defendants.

Plaintiff's petition alleged, and her proof tended to show, that she was a practicing attorney in Oklahoma City, and that she was employed by the receiver and his attorney in the case of Cameron v. White et al., recently decided in this court, to perform, and that she did perform, certain services successfully therein, for which there was due her $50; that in consideration of such service said receiver employed her to institute and carry to judgment two actions in the district court of Oklahoma county, Okla., the first being No. 54251, entitled Harwood Keaton, Receiver, for the First National Bank of Henryetta, Okla., v. Guy G. Fisher, and the second being No. 54252, entitled Harwood Keaton, Receiver for the First National Bank of Henryetta, v. Mrs. Emily Fisher, and that she prosecuted these suits to judgment by reason whereof there is due her as fees in the first named cause $625, and in the other $75.

There are attached to the petition copies of said judgments and copies of letters from the receiver indicating the employment of plaintiff to bring said suits. Harwood Keaton was receiver for certain assets of First National Bank of Henryetta, and, after the completion of his work as such, he turned over the judgments aforesaid to Otis White, who was the general receiver for the bank. Defendants protested in writing the claims upon several grounds: (1) They deny that plaintiff was employed by or rendered any service for the receiver; (2) they deny that any such service was rendered the attorney for the receiver; (3) that the claim was unreasonable and not beneficial to the estate; (4) that the receiver testified in his report to the court heretofore filed that all attorney's fees had been paid except the fees due I. H. Cox, and that his fees were paid on the date of filing; (5) that the fees claimed have already been paid through I. H. Cox, attorney; (6) that the claims are inequitable and not a proper charge against the estate. This protest was filed June 27, 1928. On July 9, 1928, a motion by the defendants was filed asking that the petition of plaintiff be stricken from the files for: (1) That same was filed after the time fixed by the court for filing claims; (2) that the appli-

cation fails to state a cause of action. There is evidence also on behalf of plaintiff to the effect that, on September 1, 1927, Mr. Cox, attorney for the receiver in the case of Cameron v. White et al., which was then in the state Supreme Court, came to plaintiff's office and requested her to secure additional time for briefing the case, and informed her that the cause was in default for brief, and that he feared an immediate adverse decision therein unless additional time for briefing were secured; that he was compelled to leave town; that plaintiff, upon such request, presented the matter that evening and on the next day before the court, and secured the additional time, and took other necessary steps to aid in the preparation and filing of the brief and keeping informed as to subsequent steps in the litigation; the receiver confirmed plaintiff's employment by Mr. Cox, and in further consideration of her services turned over to her the said notes to be reduced to judgment, and at that time gave her a deposit of $25 for costs in each case. There is proof that her service in the Supreme Court is worth much more than the amount demanded. Plaintiff brought suit in the district court of Oklahoma county upon the said notes, and secured judgment thereon as indicated by the exhibits attached to plaintiff's application. The judgment in the first case was for $5,990, with interest at ten per cent., and an attorney fee of $625, and in the other suit for $590, with ten per cent. interest, and $75 attorney's fees; that all of these charges are reasonable; that no part of same has been paid. The notes sued on were payable to the First National Bank of Henryetta.

Cross-examination: Plaintiff has been practicing law since 1913; witness charged the ordinary fees; she had a contract with the receiver; she was to reduce the notes to judgment and was to receive as her fee the amount provided for in the notes; nothing was said to the effect that she would be paid when the money was collected; the receiver told her that the judgments would be good and she knew nothing to the contrary. The receiver informed her that he knew where the Fishers had sufficient property out of which to satisfy the judgments. As soon as judgments were secured, she sent copies of the journal entries to the receiver, and asked him for data with respect to any property owned by defendants, but received no reply. She had no reason to presume that defendants would allow judgments by default.

The original notes are offered in evidence, and they are not marked "canceled"; they were delivered to the judge at the time of judgment, but he permitted withdrawal of same by plaintiff. She does not know whether any part of the judgments has been collected. At the time plaintiff furnished the receiver copies of the judgments, she asked him for $150 as a payment on fees for the two judgments secured, and $50 her fee in the matter of Cameron v. White, and the carbon copy of her letter is introduced. The date of this letter is January 23, 1928. Plaintiff received no answer.

Harwood Keaton testified that he was the receiver for certain assets of the bank; that the notes were turned over to him by Mr. Hillman, one of the trustees of the bank at Henryetta; that these notes were part of its assets. Witness gave the notes to Mrs. Van Leuven with directions to sue on them; does not recall what, if anything, was said about the fees. Plaintiff performed the service and witness received the letter of January 23rd; did not answer it, but turned it over to Mr. Cox; witness was the receiver and was the plaintiff in the suits named. Witness delivered the judgments secured to Mr. White, general receiver for the bank.

A court order was secured directing witness not to accept any more money or do anything further in the collection of this paper; so the matter was considered at an end, and witness turned over the judgments and papers to Mr. White, receiver, and accepted his receipt therefor. He paid no part of plaintiff's attorney fee, and she has never been paid. He was not a general receiver for the First National Bank, but was appointed a receiver for certain of the collaterals belonging to the bank then in dispute. The notes referred to were part of those in his charge. He made receiver's reports to the court of his action, showing receipts, disbursements and assets, and wound up his business as such receiver. He thinks his reports showed that there were certain court cases. When witness made his final report, the question of Mrs. Van Leuven's fees came up, and it was deferred because of the absence of Mr. Cox. At the time of hearing on his report, there was no proof that plaintiff's fees were not to be paid until the judgments were collected. Witness remembers being in plaintiff's office several times. Witness turned over plaintiff's correspondence to Mr. Cox as witness was anticipating the early closing of the entire matter. Witness was asked if he did not know that the defendants in the judgments were insolvent; answered that he did not, but indicated that he had made investigation and found that they had certain property covered up, and that some other credi-

tors of defendants had collected their claims by attachment; that witness intended to uncover this property and collect the judgments if the matter had remained in his hands. Plaintiff sent witness copies of her papers before filing them in the clerk's office.

Plaintiff introduced other evidence to show the value of services rendered.

Mr. Keaton, receiver, was asked:

"Q. What arrangement did you have with Mrs. Van Leuven as to fee in these cases? A. That provided for in the notes. Q. To be collected on out of this estate regardless of whether collected? A. No, there wasn't any understanding as to that, just whatever the fees on the notes provided. Q. Do you understand that you are indebted to her now for 10 per cent. of these notes? A. Yes, sir."

The motion for new trial was based upon seven alleged errors. In their brief the defendants set out 13 grounds for new trial, but they argue only five of these contentions. These we will consider in their order.

1. The court erred in overruling objections and exceptions filed by plaintiffs in error to claim of defendant in error. This contention would be entirely unintelligible, but for the fact that they refer in this connection to case-made, p. 8. At this page of the case-made their objections are: (1) That claimant was not employed and rendered no service for the receiver; (2) that if she rendered any service, it was to I. H. Cox, an attorney who had been paid for such services; (3) that the claim is unreasonable and not beneficial to the estate; (4) that the receiver testified in his report that all attorney's fees except I. H. Cox had been paid; (5) that fees for the service claimed had already been paid out through said I. H. Cox, as attorney; (6) that these claims are inequitable and not a proper charge against the estate. In his argument, counsel says that the petition is insufficient because it does not contain the name of the court and county in which the action is brought, the names of the parties plaintiff and defendant, and that the petition is not properly entitled. As authority he refers to an undesignated section of the Revised Statutes of Oklahoma. Certainly this does not enlighten the court. The contentions under this head are without merit.

2. The court erred in denying motion of defendants to strike the pleadings and claim from the files. This motion is based upon the contention that the application was filed after the time fixed by the order of the court for filing claims, etc.; and second, for the reason that the petition on its face is insufficient. The first ground is abandoned in the brief, and, as to the second, it is said no cause of action is stated, and that the sufficiency of the petition is challenged both by motion to strike and by the objection to the introduction of testimony thereunder. The argument is to the effect that:

"It is a different matter than the suit at bar. The suit at bar is Otis White, Plaintiff v. James Cameron et al., Trustees, Defendants, Number 14550. The petition in question is not numbered. It has no place in the files of this case or the principal suit."

The contention is devoid of merit. This was an application to have the court of equity determine and adjust the amount of an attorney's fees for services rendered and for certain suits brought in behalf of the estate. Such claims are usually presented informally either to the receiver and by him in turn to the court, or direct by the claimant to the court. That course was followed here, and we can conceive of nothing improper about it. To apply any strict rule of pleading to such an application is entirely without reason. This application was sufficient for all proper purposes and disclosed that the plaintiff had rendered the service at the request of the receiver and simply asked for the compensation agreed upon. This was, of course, subject to the approval of the court. The application bore the number of the case in which the receiver was making his final report which referred in an informal way to the matter in controversy here; but it appears that the matter was not adjusted due to the absence of Mr. Cox, and was left open until his return. It is also said that the first paragraph shows a personal employment by Harwood Keaton and Mr. Cox. The record is certainly misunderstood in that respect. There is no allegation in the application that might be tortured into an interpretation that plaintiff was employed personally either by the receiver or by Mr. Cox. It is all to the effect that she was employed by the receiver and the receiver's attorney and with reference to work to be done by her in furthering the business of the receivership—the recovery of its moneys.

The second paragraph recurs to the contention that the application does not state facts sufficient to constitute a cause of action, and, as authority therefor, refers to an undesignated section of C. O. S. 1921. From their argument we conclude that they

refer to section 265, requiring the names of parties plaintiff and defendant, the name of the court, and the county in which the action is brought be set out, and that the paper writing shall be denominated a petition. All of this is a misconception of this proceeding. It is the general rule that strangers to a cause cannot be heard therein, either by petition or motion, but there are exceptions to this rule, namely, persons belonging to a class on whose behalf a suit is brought and creditors of a fund or property which is in possession of a court through its receiver or otherwise may become parties by leave and intervene, or prove their claims as quasi parties, and secure a standing in court. Clark on Receivers, vol. 1, p. 745; Anderson v. Jacksonville P. & M. Ry. Co., Fed. Cas. No. 358, 2 Woods, 628; In re N. J. Refrigerating Co., 97 N. J. Eq. 358, 127 Atl. 198; Keeney v. Clark, 186 Wis. 499, 202 N. W. 466.

3 and 4. Under these heads the sufficiency of the application or petition is again challenged and Revised Statutes of Oklahoma are referred to without naming any section.

5. Under this head reference to numerous pages in the record is made, but the substance of the evidence excluded or admitted over objection is not given. However, we have looked over the portions of the record referred to and find therein no reversible error. One of the exceptions is directed towards this statement of plaintiff, "I brought suit on the notes I have here in the district court of Oklahoma county and secured judgments," upon the ground that this was not the best evidence, and that certified copies of the judgments should have been offered. It must be remembered that this is not a suit on the judgments; the statement of plaintiff was only to indicate what services she performed to entitle her to an attorney fee. The objection is without merit.

Again objection was made to exhibits C and D, which were the journal entries in the suits in which plaintiff secured judgments. It is argued that these are not certified as required by the statutes of Oklahoma. The statement made next above with reference to the objections to testimony is equally pertinent to this contention.

It is argued also that exhibits C and D should have been stricken on the motion. The same argument and holding apply here.

It is next contended that the statements of the plaintiff with reference to her employment by the receiver and his attorney are hearsay. If the receiver could and did for any purpose employ plaintiff, the conversation showing the employment would be competent. This testimony, however, did not stand alone. The same facts were testified to by the receiver, whose evidence is corroborated by letters introduced without objection.

It is observable that the amount allowed to plaintiff here is not assailed upon the specific ground that the same is excessive. An objection on that ground was not preserved throughout the record. It will be observed, too, that the facts tending to show plaintiff's employment, the purpose and object of the employment, and the compensation to be received therefor, are not really in issue under the proof, for the evidence is well nigh, if not entirely, uncontradicted with respect to these matters. There was an ostensible employment of the plaintiff by the receiver to secure these judgments. She secured the judgments which carry on their face the full amount of the receiver's claim against the debtor, plus ten per cent. attorney's fee—the very amount demanded by plaintiff for her services. That attorney's fee was fixed by the contracts between the original debtor and creditor. After securing the judgments which the receiver deemed collectible, and while the plaintiff was making an effort to collect the same, the court directed the receiver to proceed no further in the collection of these judgments, but to turn the same over to the general receiver of the bank. If these judgments were collectible, this order prevented plaintiff from collecting the judgments which included her fees. The record is silent as to whether or not the judgments have been collected. The facts of plaintiff's service had been brought to the attention of the court and also her claim for fees. The court, in effect, took out of her hands the collection of these claims then by her reduced to judgments with knowledge of the facts. Under these facts, it becomes unnecessary to discuss here the powers of the receiver under the applicable statutes of our state to employ attorneys to perform necessary service for the estate, or the power contained in the order of appointment of the receiver. The estate for all purposes of protection was lodged in the court. The court knew the facts and accepted the benefit of plaintiff's service. There is no question of bad faith. The recognition of plaintiff's services under these facts is sufficient. This applies to all of plaintiff's claim except $50 charged for

services in the Supreme Court, as to which, under the errors assigned, preserved and presented, a reversal of the trial court wou'd not be warranted...

It is finally contended that the amount of attorney's fee should be based upon quantum meruit, and 'that defendants were not permitted to introduce their proof upon this phase of the matter. The record is somewhat peculiar, but upon examination thereof we find that opportunity was allowed defendants to prove everything they were able to prove by the witnesses introduced, and that defendants suffered no prejudice in this behalf.

Defendants have prepared and filed a rather lengthy brief. It is not quite as helpful as it might be. Many references are made to Revised Statutes of Oklahoma without identifying the same by reference to number of section, or the volume, chapter, or page. Many objections to admission or rejection of evidence are urged without setting out such evidence. And upon turning to the pages of the record referred to, we find in many cases that several objections are there shown, and we are left without means of identifying the matter objected to. There is also much repetition in the argument. But we have disregarded these omissions. From a study of the entire record, we are of the opinion that there has been presented to us no reversible error.

For the reasons given, the judgment of the trial court is affirmed.

TEEHEE, DIFFENDAFFER, REID, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.